L & H WRECKING CO., INC., Plaintiff-Respondent,

v.

LABOR & INDUSTRY REVIEW COMMISSION,
Defendant-Appellant,

Craig BROWNFIELD and Continental Casualty Co.,
Defendants.

Court of Appeals

*No. 82–2353. Submitted on briefs July 6, 1983.—
Decided August 9, 1983.*

For the defendant-appellant the cause was submitted on the brief of *Bronson C. La Follette,* attorney general, and *Bruce A. Olsen,* assistant attorney general.

For the plaintiff-respondent the cause was submitted on the brief of *Frederick R. Hardt* of *Godfrey, Pfeil & Neshek, S.C.* of Elkhorn.

Before Scott, C.J., Voss, P.J., and Robert W. Hansen, Reserve Judge.

SCOTT, C.J. On June 27, 1977, Craig Brownfield injured his back while working at L & H Wrecking Co. He remained temporarily totally disabled until November 9, 1977 when he received medical permission to return to work. While he was recuperating from the injury, L & H terminated his employment because L & H had erroneously concluded that Brownfield's injury would prevent him from fully performing his job. At issue is whether an employer's termination of an employee, during the healing period, because of the work-related injury constitutes a refusal to rehire without reasonable cause in violation of sec. 102.35(3), Stats., when the termination is based upon the mistaken belief that the employee's injury will affect his job performance in the future. Because our reading of the record differs from the trial court and indicates there is sufficient credible evidence to support the Commission's findings, we conclude that sec. 102.35(3) was violated. Therefore, we reverse and direct the circuit court to reinstate the Commission's order.

On August 31, 1981, a hearing examiner for the Department of Industry, Labor and Human Relations found that L & H refused to rehire Brownfield without reasonable cause in violation of sec. 102.35(3), Stats.[1] The

---

[1] Section 102.35(3), Stats., reads in pertinent part as follows:

Any employer who without reasonable cause refuses to rehire an employe who is injured in the course of employment, where suit-

Labor and Industry Review Commission subsequently affirmed DILHR's findings of fact and order for compensation.[2] On review, the circuit court set aside the order, concluding that because Brownfield failed to present himself to his employer after receiving medical permission to return to work, there was no credible and substantial evidence to support the Commission's finding that L & H refused to rehire without reasonable cause. The Commission appeals.

The Commission's finding that L & H had unreasonably refused to rehire Brownfield was based on the evidence received at the DILHR hearing.[3] Judicial review of findings of fact by the Department is governed by

able employment is available within the employe's physical and mental limitations, upon order of the department and in addition to other benefits, has exclusive liability to pay to the employe the wages lost during the period of such refusal, not exceeding one year's wages.

[2] Brownfield was awarded compensation for lost wages from November 9, 1977 when he received medical permission to return to work until December 19, 1977 when he found other employment.

[3] The Commission's order for compensation was based on the following findings of fact:

That the applicant was employed by the respondent as a refinisher; that on June 27, 1977, he injured his lower back while lifting forms from a truck; that the applicant received medical treatment and on October 25, 1977 was examined by Dr. C.A. Sattler, who released him to return to work on November 9, 1977; that following the injury another of respondent's employees delivered the applicant's last paycheck to him and told the applicant that he was terminated; that the applicant then telephoned Helen Jacobs, one of the partners of the respondent company, and requested lighter work; that the termination was confirmed by Helen Jacobs during the phone conversation in which she told the applicant that he was not wanted back because "once a back injury, always a back injury."

That it is found that the employer's refusal to rehire the applicant was without reasonable cause within the meaning of sec. 102.35(3), Wis. Stats. . . .

statute and is limited in scope. *R.T. Madden, Inc. v. Department of Industry, Labor & Human Relations*, 43 Wis. 2d 528, 536, 169 N.W.2d 73, 76 (1969). Section 102.23(1), Stats., sets out the limitations on the scope of this review.[4] The purpose of these limitations is to ensure speedy justice under the Workmen's Compensation Act by limiting appeals and extensive litigation. *Id.*

In reviewing a circuit court order reversing an order of an administrative agency, an appellate court's scope of review is the same as that of the circuit court. *Boynton Cab Co. v. Department of Industry, Labor & Human Relations*, 96 Wis. 2d 396, 405, 291 N.W.2d 850, 855 (1980). This court is to affirm the findings of the Commission if there is any credible evidence in the record to support those findings. *Madden*, 43 Wis. 2d at 547, 169 N.W.2d at 82. In reviewing the sufficiency of credible evidence, we need find only that the evidence is sufficient to exclude speculation or conjecture. *Bumpas v. Department of Industry, Labor & Human Relations*, 95 Wis. 2d 334, 343, 290 N.W.2d 504, 508 (1980). The Commission's findings must be upheld even if against the great weight and clear preponderance of the evidence. *Goranson v. Department of Industry, Labor & Human Relations*, 94 Wis. 2d 537, 554, 289 N.W.2d 270, 278 (1980).

Our review of the record persuades us that there is sufficient credible evidence to support the Commission's

---

[4] Section 102.23(1), Stats., provides in relevant part:

The findings of fact made by the commission acting within its powers shall, in the absence of fraud, be conclusive. . . . (d) . . . the court may confirm or set aside such order or award; and any judgment which may theretofore have been rendered thereon; but the same shall be set aside only upon the following grounds;

. . . .

3. That the findings of fact by the commission do not support the order or award.

finding that L & H unreasonably refused to rehire Brownfield. L & H unilaterally terminated the employment while Brownfield was recovering from his injury. The decision to terminate was based solely on the existence of the injury and without benefit of a competent medical opinion that the injury would permanently prevent Brownfield's return to work. We conclude there is sufficient credible evidence to support the Commission's determination that this constituted an unreasonable refusal to rehire.

The record indicates that the evidence of Brownfield's termination was disputed.[5] The credibility of a witness or the persuasiveness of the testimony rendered are for the Department to determine. Sec. 102.23(6), Stats.; *Goranson,* 94 Wis. 2d at 556, 289 N.W.2d at 279. In applying the credible evidence test to findings of the Department, a reviewing court does not weigh conflicting evidence to determine which should be believed. If there is credible evidence to sustain the finding, irrespective of whether there is evidence that might lead to the opposite conclusion, a court must affirm. *Valadzic v. Briggs & Stratton Corp.,* 92 Wis. 2d 583, 592–94, 286 N.W.2d 540, 544–45 (1979).

Although not specifically rejecting the Commission's finding of termination, the circuit court concluded that recovery was unavailable because Brownfield had failed to perform two duties it determined were required by sec. 102.35(3), Stats.: (1) to report to the employer for work after obtaining a medical release, and (2) to prove the availability of suitable work with the employer. We conclude that on the facts of this case, this construction of sec. 102.35(3) by the circuit court is unreasonable and contravenes the purpose of the statute.

---

[5] The record indicates that Helen Jacobs testified that L & H did not terminate Brownfield and that the telephone conversation between Brownfield and herself did not occur.

The construction of a statute is a question of law. *Board of School Directors of the City of Milwaukee v. Wisconsin Employment Relations Commission*, 42 Wis. 2d 637, 650, 168 N.W.2d 92, 98 (1969). Questions of law, including the construction of a statute, are reviewable by this court *ab initio*. *Boynton Cab Co.*, 96 Wis. 2d at 405, 291 N.W.2d at 855. However, this court will sustain the Commission's legal conclusion if it is reasonable. *United Way of Greater Milwaukee, Inc. v. Department of Industry, Labor & Human Relations*, 105 Wis. 2d 447, 453, 313 N.W.2d 858, 861 (Ct. App. 1981).

A statute should be construed so as to avoid unreasonableness or absurdity. *Larson v. Department of Industry, Labor & Human Relations,* 76 Wis. 2d 595, 609, 252 N.W.2d 33, 39 (1977). The language in the Workmen's Compensation Act should be as liberally construed as possible to achieve the beneficent purposes intended. *Waunakee Canning Corp. v. Industrial Commission,* 268 Wis. 518, 526, 68 N.W.2d 25, 30 (1955).

We conclude that to require a *terminated* employee to report to work in order to recover under sec. 102.35(3), Stats., is an unreasonable construction of the statute. In this case, L & H terminated the employment before Brownfield received medical permission to return to work. For Brownfield to have reported for work, after termination, would have been an exercise in futility. To require such behavior as a prerequisite to recovery under sec. 102.35(3) would impose an unreasonable burden on any employee.

The circuit court's requirement that Brownfield prove that suitable work was available at L & H is also an unreasonable construction of the statute. It is unreasonable

to shift onto the employee, especially a terminated employee, the burden of proving the availability of suitable jobs when this information is easily accessible to the employer through company business records. To impose such a duty would place an unreasonable roadblock in the employee's path to recovery and, thus, would undermine the beneficent purposes of the statute.

*By the Court.*—Order reversed with directions.

