The WEST BEND COMPANY, Plaintiff-Appellant,

v.

LABOR & INDUSTRY REVIEW COMMISSION,
and Shari D. Muckerheide, Defendants-
Respondents.†

Court of Appeals

*No. 86–2226. Argued July 16, 1987.—Decided August 26, 1987*
(Also reported in 413 N.W.2d 662.)

† Petition to review filed. This petition was not decided at the time the volume went to press. Its disposition will be reported in a later volume.

On behalf of the plaintiff-appellant, there were briefs and oral argument by *Alan E. Seneczko,* of *Krukowski & Costello, S.C.* of Milwaukee.

On behalf of the defendants-respondents, the cause was submitted on the brief of *Donald J. Hanaway,* attorney general and *James P. Altman,* assistant attorney general, with oral argument by *Mr. Altman.*

Before Scott, C.J., Brown, P.J., and Nettesheim, J.

BROWN, P.J.  The West Bend Company appeals from a judgment of the circuit court affirming an order of the Labor and Industry Review Commission (LIRC). LIRC affirmed an award to Shari D. Muckerheide for West Bend's alleged violation of sec. 102.35(3), Stats., which makes it unlawful to refuse to rehire an employee who is injured in the course of employment. The dispositive issue is whether Muckerheide was an "employee" within the meaning of sec. 102.35(3). We conclude that Muckerheide does not fall within the group of employees protected by the statute and reverse.

Muckerheide began working for West Bend in August, 1982. After performing repetitive crimping work, she suffered pain and numbness in her hands, wrists and elbow on three separate occasions. On each occasion she received treatment from the company nurse and returned to work. Following the last occasion in December 1982, Muckerheide performed restricted work duties. At no time, however, did she have to take time off from work. On December 17, 1982, while still on restricted work duties, Muckerheide was laid off from her employment as a result of a general layoff. During the general layoff, pursuant to a collective bargaining agreement, Muckerheide's seniority expired resulting in termination of her employment status with West Bend. In February, Muckerheide submitted an application for employment to West Bend as a new applicant. She was told she would not be hired due to her past record of injury. She then commenced this action alleging that West Bend improperly refused to rehire her.

West Bend argues that because Muckerheide was terminated for reasons other than a work-related injury, she was not an injured employee seeking

rehire after recovery from the injury. Therefore, she was not an employee protected under sec. 102.35(3), Stats. LIRC contends, however, that Muckerheide's employment status and the reason for termination are irrelevant to liability under the statute. LIRC reasons that all that is necessary to be protected under the statute is that a person be injured while employed and then not rehired because of those injuries.[1]

These conflicting arguments require us to construe sec. 102.35(3), Stats. Statutory construction raises a question of law. *Dielectric Corp. v. LIRC*, 111 Wis. 2d 270, 276, 330 N.W.2d 606, 609 (Ct. App. 1983). Although some deference to the expertise of an agency is appropriate in certain circumstances, where the statute is relatively new and has little if any legislative history on the issue before us, we need not give deference to the agency's decision. *Id.* at 275–76, 330 N.W.2d at 609. Even though sec. 102.35(3) was origi-

---

[1]LIRC also contends, relying on our statements in *Dielectric Corp. v. LIRC*, 111 Wis. 2d 270, 330 N.W.2d 606 (Ct. App. 1983), that sec. 102.35(3), Stats., modified the employment at will doctrine leading to continuation of Muckerheide's employee status. This contention misconstrues our statements in *Dielectric*. We merely stated that sec. 102.35(3) modified the burden in an employment at will situation so that the employer must show good faith in not rehiring, not that an indefinite employer-employee relationship results under the statute. *Id.* at 278, 330 N.W.2d at 610.

LIRC also points to a statement in which it claims West Bend stipulated to this being a "refusal to rehire" case within sec. 102.35(3), Stats. Upon review of the record, the context of the statement shows that West Bend was stipulating to the fact that it did not rehire Muckerheide in the general sense, not that it was conceding this case to be within the reach of the statute.

nally enacted in 1975, it is still relatively new and the legislative history on the statute is sparse. There are only three reported cases explaining the intent of the statute. They are *L & H Wrecking Co., Inc. v. LIRC,* 114 Wis. 2d 504, 339 N.W.2d 344 (Ct. App. 1983); *Dielectric Corp. v. LIRC,* 111 Wis. 2d 270, 330 N.W.2d 606 (Ct. App. 1983); and *West Allis School Dist. v. DILHR,* 116 Wis. 2d 410, 342 N.W.2d 415 (1984). We conclude that we need not give deference to the agency's decision.

The purpose of sec. 102.35(3), Stats.,[2] is to prevent discrimination against employees who have previously sustained injuries and to see to it, if there are positions available and the injured employee can do the work, that the injured person goes back to work with his or her former employer. *West Allis School Dist.* at 422, 342 N.W.2d at 422. The section is "designed to penalize an employer who 'without reasonable cause refuses to rehire' an employee who was injured in the course of employment." *Dielectric* at 276, 330 N.W.2d at 609. Also in *Dielectric,* this court interpreted the public policy that sec. 102.35(3) intended to address. We said, "[u]nder this new statute, once the employee has suffered a *worker's compensation injury,* the question initially becomes: does the em-

[2]Section 102.35(3), Stats., provides in part:

Any employer who without reasonable cause refuses to rehire an employe who is injured in the course of employment, where suitable employment is available within the employe's physical and mental limitations, upon order of the department and in addition to other benefits, has exclusive liability to pay to the employe the wages lost during the period of such refusal, not exceeding one year's wages.

ployer have good cause not to rehire." *Id.* at 278, 330 N.W.2d at 610 (emphasis added).

We consider this statement to be an important guidepost in deciding this case. That is, an employee must be off of work *because of* a work-related injury. Before the statute becomes applicable, the legislature contemplated that when an employee must take leave from work because of a worker's compensation injury, the employer may not refuse to rehire after recovery from that injury without reasonable cause. In this case, however, Muckerheide was not off of work *because of* a work-related injury. Instead, her employment status had terminated due to a general layoff and expiration of her seniority. She had no recall rights; rather she had to apply as a new employee when she sought reemployment. Nor was she seeking to return to work immediately following recovery from a work-related injury.

If we were to adopt the approach advocated by LIRC, it could lead to unreasonable and absurd results. For example, if a temporary employee were injured on or near the last day of his or her planned regular term of employment, under LIRC's approach he or she could return to the employer upon recovery from the injury at any time in the future and demand employment. The fact that the employee was terminated in good faith for reasons other than a work-related injury would have nothing to do with the right to be rehired under sec. 102.35(3), Stats. While it is true that the worker's compensation act should be construed liberally, any construction must be reasonable, *West Allis School Dist. v. DILHR,* 110 Wis. 2d 302, 305, 329 N.W.2d 225, 227 (Ct. App. 1982), aff'd,

116 Wis. 2d 410, 342 N.W.2d 415 (1984). We conclude that LIRC's theory is not reasonable. We reverse the judgment of the circuit court affirming LIRC's order.

*By the Court.*—Judgment reversed.