DALCO METAL PRODUCTS, INC., Plaintiff-Respondent,

v.

LABOR & INDUSTRY REVIEW COMMISSION, Defendant-Appellant,

James D. SCHMIDT, Defendant.

Court of Appeals

*No. 87–1322. Argued November 12, 1987.—December 16, 1987.*

(Also reported in 419 N.W.2d 292.)

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Donald J. Hanaway,* attorney general and *Stephen M. Sobota,* assistant attorney general, with oral argument by *Stephen M. Sobota.*

On behalf of the plaintiff-respondent, the cause was submitted on the briefs and oral argument of *Richard H. Cain,* of Fontana.

Before Scott, C.J., Brown, P.J., and Nettesheim, J.

SCOTT, C.J. This appeal raises the issue of whether a "refusal to rehire" under sec. 102.35(3), Stats., occurs when an employee is injured on the job, returns to that same shift following treatment, and is fired less than a week later due to the injury. We conclude that: (1) the factual findings of the Labor and Industry Review Commission (the commission) are supported by credible and substantial evidence; and (2) a refusal to rehire has occurred. Therefore, we reverse the judgment of the trial court which set aside the commission's award.

On September 7, 1983, James Schmidt, a shear operator for Dalco Metal Products, Inc. (the employer), injured his left thumb while performing his job. This occurred two hours after his shift began. He left work and drove to the office of Dr. Irwin Bruhn, the company physician, where Schmidt's injury was diagnosed as hematoma and perforation of the nail. Dr. Bruhn treated Schmidt, prescribed Tylenol #3 with codeine and released Schmidt to return to work without limitations.

Upon Schmidt's return to that same shift, he was placed on overhead crane operation. On the third day after the injury, Schmidt was returned to the shear operator position which required pushing sheet metal into the shear with his thumbs and fingers.

Schmidt told his foreman and the plant supervisor that the pain was still too intense to operate the shear and that he could not concentrate on his work due to the medication. The plant supervisor told Schmidt that he would have to operate the shear because the doctor had given him a full release and

had told the supervisor that the medication had little effect.

Several days later, on September 15, 1983, Schmidt was terminated from his employment by the plant supervisor, who cited poor production as the primary reason.

At a hearing before an administrative law judge, Schmidt testified that he had received a warning for tardiness which stated that two more notices would result in termination. He also testified to a second warning regarding poor productivity caused in part by "visiting" at his work station. This warning stated that if his production improved, he could retain his job on a week-to-week basis subject to an evaluation of productivity.

A third notice, dated on the day of termination, stated that Schmidt had overproduced a particular lot, resulting in loss of time and materials. This notice was not signed or initialed by Schmidt—the previous notices were—and Schmidt denied receiving the third notice.

The employer was represented at the hearing by Jeff McBain, plant foreman, who was also the only witness for the employer. At the time of Schmidt's injury, McBain was a shear operator on another shift and had no personal knowledge of the injury or events leading up to Schmidt's discharge. He was, however, in charge of personnel files at the time of the hearing.

McBain testified that although the company normally keeps production records on their employees, there were no production records in Schmidt's personnel file from the date of the second warning until Schmidt's injury. In fact, McBain testified that he was surprised by their absence. On cross-examination,

McBain testified that Schmidt's injury "could have been a consideration" for the termination.

The other pertinent exhibit introduced at the hearing was a handwritten memo signed by the plant supervisor on the date of Schmidt's termination. This memo stated that Schmidt "was terminated for various reasons, but primarily for poor production."

Based on this testimony, the administrative law judge found that Schmidt's unsatisfactory productivity was due to lack of concentration from the pain and the medication. Further, he found that the work injury was a significant factor in the decision to discharge Schmidt, concluded that this was an unreasonable refusal to rehire under sec. 102.35(3), Stats., and awarded a sum of $10,088 to Schmidt.

A petition to review was filed with the commission, which affirmed the findings and order. The employer then brought an action for judicial review pursuant to sec. 102.23(1)(a), Stats.

The circuit court found "no evidence whatsoever to substantiate the findings." It stated that Schmidt "met no burden of proof at all, since no positive proof was presented to indicate that he was fired in violation of Section 102.35(3) of the Wisconsin Statutes." The circuit court set aside the award of the commission. This appeal followed.

In reviewing a circuit court order reversing an order of an administrative agency, an appellate court's scope of review is the same as that of the circuit court. *L & H Wrecking Co. v. LIRC,* 114 Wis. 2d 504, 508, 339 N.W.2d 344, 346 (Ct. App. 1983). This court is to affirm the findings of the commission if there is any credible evidence in the record to support those findings. *Id.* In reviewing the sufficiency of

credible evidence, we need find only that the evidence is sufficient to exclude speculation or conjecture. *Id.* The commission's findings must be upheld even if against the great weight and clear preponderance of the evidence. *Id.* at 508, 339 N.W.2d at 346–47.

If more than one reasonable inference can be drawn from the facts, the drawing of that inference is still a finding of fact and conclusive on review. *Sauerwein v. DILHR,* 82 Wis. 2d 294, 300, 262 N.W.2d 126, 130 (1978). The commission has leeway in determining and drawing inferences from conflicting evidentiary facts. *See Milwaukee County v. DILHR,* 48 Wis. 2d 392, 399, 180 N.W.2d 513, 516 (1970).

The finding which is challenged on appeal is whether Schmidt's termination was caused by his injury. The employer contends that the termination was based on Schmidt's unsatisfactory production.

Schmidt's second warning stated that after improving his production, he would be retained on a week-to-week basis. Based on the absence of production records on Schmidt from that time until his injury, as well as his continued employment, the fact finder could draw a reasonable inference that Schmidt's production during that time was satisfactory.

Regarding the time period after the injury, Schmidt admitted that he was not as productive as before, but testified that it was due to the pain from the thumb injury and to the effects of the medication. This, too, would allow an inference that if Schmidt were terminated for low production after the injury, the root of the cause was the injury itself.

██ We conclude that the commission's finding that the injury was the reason for the termination is not based on speculation or conjecture. Therefore, we must affirm the commission's findings.

Next, we are presented with a question of statutory construction, i.e., whether the facts as found by the commission support a conclusion that the employer violated sec. 102.35(3), Stats. This section reads:

> (3) Any employer who without reasonable cause refuses to rehire an employe who is injured in the course of employment, where suitable employment is available within the employe's physical and mental limitations, upon order of the department and in addition to other benefits, has exclusive liability to pay to the employe the wages lost during the period of such refusal, not exceeding one year's wages. In determining the availability of suitable employment the continuance in business of the employer shall be considered and any written rules promulgated by the employer with respect to seniority or the provisions of any collective bargaining agreement with respect to seniority shall govern.

██ Statutory construction is a question of law. *Dielectric Corp. v. LIRC,* 111 Wis. 2d 270, 276, 330 N.W.2d 606, 609 (Ct. App. 1983). Generally, we give great weight to the commission's interpretation, if reasonable, of a worker's compensation statute which it has the duty to apply. *Pigeon v. DILHR,* 109 Wis. 2d 519, 524–25, 326 N.W.2d 752, 755 (1982). However, where the statute is relatively new and has minimal legislative history on the issue before us, we need not defer to the commission's interpretation. *Dielectric* at 275–76,

330 N.W.2d at 609. Although sec. 102.35(3), Stats., was enacted in 1975, its legislative history and judicial interpretation are sparse. *West Bend Co. v. LIRC,* 141 Wis. 2d 165, 168–69, 413 N.W.2d 662, 663 (Ct. App. 1987). Therefore, we construe the statute independently.

The employer summarizes its position that the statute does not apply as follows: "[Schmidt] remained on the job after his injury without interruption until the time of his discharge, which was not due to his injury, and did not request rehiring after his discharge." We have already rejected the employer's contention that the discharge was not due to the injury, having affirmed the commission's finding on that point.

 The argument that an employee terminated because of an injury must reapply for employment was previously rejected by this court.

> We conclude that to require a *terminated* employee to report to work in order to recover under sec. 102.35(3), Stats., is an unreasonable construction of the statute. ... For [the employee] to have reported for work, after termination, would have been an exercise in futility. To require such behavior as a prerequisite to recovery under sec. 102.35(3) would impose an unreasonable burden on any employee.

*L & H Wrecking,* 114 Wis. 2d at 510, 339 N.W.2d at 347 (emphasis in original). Therefore, in this type of situation, we conclude that a formal application for rehire is not a prerequisite to recovery.

We now reach what we consider to be the central issue in this case—whether the statute or previous

case law interpreting it requires an employee to be off of work immediately following the injury for any period of time. The employer argues that such a requirement was imposed by *West Bend,* 141 Wis. 2d 165, 413 N.W.2d 662.

*West Bend* involved an employee who, although placed on restricted work duties due to injury, never took time off from work. While on restricted work duties, she was laid off in a general layoff. Pursuant to a collective bargaining agreement, her seniority and employment status expired. Upon reapplying, she was turned down based on her past injury record.

The language of *West Bend* on which the employer relies is:

> [A]n employee must be off of work *because of* a work-related injury. Before the statute becomes applicable, the legislature contemplated that when an employee must take leave from work because of a worker's compensation injury, the employer may not refuse to rehire after recovery from that injury without reasonable cause.

*West Bend,* 141 Wis. 2d at 170, 413 N.W.2d at 664 (emphasis in original).

We read this language as concentrating on the circumstances surrounding the termination of employment. In *West Bend,* the employee's injury was not the cause of termination; in the case before us, injury *was* the cause.

The focus is not on *when* the employee was off work, but *why.* Although Schmidt was physically off the job site to see the doctor, we see no need to draw a fine line or require a "significant period of disability." *See Link Indus., Inc. v. LIRC,* 141 Wis. 2d 551, 556, 415

N.W.2d 574, 576 (Ct. App. 1987). As noted in *Link,* to allow otherwise is to allow "arbitrary discrimination against an employee who could immediately return to work after receiving treatment." *Id.*

Thus, the termination in this case plays two important roles. First, as previously stated, the termination is the functional equivalent of a refusal to rehire. *L & H Wrecking,* 114 Wis. 2d at 510, 339 N.W.2d at 347. Second, the termination provides the element of being "off of work because of a work-related injury." *West Bend,* 141 Wis. 2d at 170, 413 N.W.2d at 664 (emphasis deleted). Because we conclude that Schmidt was entitled to recover under sec. 102.35(3), Stats., we reverse and remand with directions that the trial court reinstate the commission's award.

*By the Court.*—Judgment reversed and cause remanded.