The WEST BEND COMPANY, Plaintiff-Appellant,

v.

LABOR & INDUSTRY REVIEW COMMISSION
and Shari D. Muckerheide, Defendants-
Respondents-Petitioners.

Supreme Court

*No. 86–2226. Argued November 29, 1988.—Decided April 26,
1989.*

(Also reported in 438 N.W.2d 823.)

For the defendant-respondent-petitioner, Labor & Industry Review Commission, the cause was argued by *James Altman,* assistant attorney general, with whom on the briefs was *Donald J. Hanaway,* attorney general.

For the plaintiff-appellant there was a brief by *Alan E. Seneczko* and *Krukowski & Costello, S.C.,* Milwaukee, and oral argument by *Mr. Seneczko.*

HEFFERNAN, CHIEF JUSTICE. This is a review of a court of appeals decision[1] which reversed a judgment of the circuit court for Washington county,

---

[1] *West Bend Co. v. LIRC,* 141 Wis. 2d 165, 413 N.W.2d 662 (Ct. App. 1987).

JAMES B. SCHWALBACH, circuit judge, filed on October 30, 1986, which judgment affirmed the order of the Labor and Industry Review Commission (hereinafter commission). The commission determined that the plaintiff, West Bend Company (hereinafter West Bend) had failed to rehire Shari D. Muckerheide (hereinafter Muckerheide) in violation of its obligation to do so under the provisions of sec. 102.35(3), Stats.,[2] and awarded wages lost during the period of refusal to rehire.

West Bend asserts that sec. 102.35(3), Stats., is inapplicable because Muckerheide was not an employe under the statute because her seniority entitling her to preferential treatment under a union contract had expired during the period of layoff.

We reverse the decision of the court of appeals and conclude that, under the facts, Muckerheide was an employe protected by the statute entitled to rehiring and that West Bend did not sustain its burden by competent medical evidence to show reasonable cause not to rehire. Accordingly, the award of the commission is sustained.

This litigation arises out of the following facts. Muckerheide commenced work at West Bend on August 16, 1982. She was assigned to the repetitive task known as "crimping"—attaching prongs for plugs for electric pans. A few days after she commenced work,

---

[2]That statute provides:

(3) Any employer who without reasonable cause refuses to rehire an employe who is injured in the course of employment, where suitable employment is available within the employe's physical and mental limitations, upon order of the department and in addition to other benefits, has exclusive liability to pay to the employe the wages lost during the period of such refusal, not exceeding one year's wages. . . .

she developed a pain in her left hand. She reported the pain to her foreman, who gave her supportive wristlets to wear. Her foreman also sent her to the company nurse on the premises, who instructed her to soak her hand and rest it over the weekend. On Monday she reported that she had no symptoms. She missed no time from work as the result of this initial episode.

Approximately three months later, on November 17, 1982, Muckerheide again experienced pain, this time in her right elbow, while performing the task of "crimping." She reported this event to her foreman, who told her to see the company nurse before coming to work the next day. The following morning the nurse examined her and rubbed a balm on the area and sent her to work. The pain did not recur, and no work was missed.

On December 9, 1982, Muckerheide was working at the "crimping" task when she noticed soreness and swelling in her right wrist and thumb. She reported this condition to her foreman, who again directed her to see the company nurse. She did so and was given a whirlpool treatment and a wrist brace to use while working. Again she missed no time from work, but the nurse assigned her to light work—painting. She received whirlpool treatments at the plant over a period of five days. She testified that the pain had subsided by December 16, 1982. Muckerheide stated that she did not see a doctor about her condition because the company nurse discouraged her from doing so. On December 17, 1982, West Bend imposed a general employe layoff, which included Muckerheide.

She testified that by Christmas 1982 she was free of any symptoms. In February of 1983, Muckerheide heard that West Bend was recalling others who had been laid off with her. She talked to the company's

personnel director, who advised her to file a new application because her seniority under the company's contract with the union was insufficient to give her an automatic right to return to work. In response to her telephone inquiry after she had not been recalled to work, she was told that she would not be rehired because she was physically unfit for factory work.

The record reveals that some of the persons laid off on December 17, 1982, were rehired although their seniority rights, like Muckerheide's, were not sufficient to assure rehiring. Muckerheide's immediate supervisor had recommended her for rehire. She had no discipline or performance problems while on the job. However, West Bend's safety manager, Harold Thornberg, in reviewing the applications, concluded that, on the basis of Muckerheide's record, she had a medical problem and, after conferring with the company's nursing staff, he recommended against Muckerheide's rehiring. He concluded that Muckerheide was at risk of further injury if rehired by West Bend, and Thornberg decided that Muckerheide would not be rehired.

On January 14, 1984, Muckerheide brought a complaint before the commission, alleging a violation of sec. 102.35(3), Stats., refusal to rehire. A hearing was held before a workers compensation examiner on October 10, 1984. On November 21, 1984, the examiner made findings of fact that Muckerheide sustained "injuries arising out of her employment ... on the three ... dates" and that "the company elected to tender care for the symptoms within the plant." The examiner found "[t]he company safety manager was satisfied that work injuries had occurred when he used these episodes as the substantial factor in not rehiring the applicant."

The examiner then concluded that the employer did not sustain its burden of proof to establish there

was reasonable cause not to rehire. He found that West Bend presented no credible evidence that Muckerheide had either permanent residuals from her work-related injuries or that there was a likelihood that Muckerheide would be reinjured should she be hired to perform the same kind of work she had performed in the past.

The examiner ordered that Muckerheide be paid the wages lost in the sum of $7,323.47 for the maximum period under the statute[3] and $1,830.87 was to be paid to her attorney.

On review to the commission, the findings and award of the examiner were affirmed.

West Bend then commenced this action in the circuit court for Washington county to set aside the award. The circuit court affirmed the findings of the commission, stating that a review of the record showed them to be based on sufficient evidence. Appeal from the circuit court judgment confirming the award was taken to the court of appeals.

The court of appeals set aside the award of the commission, concluding that the statute did not protect Muckerheide because she had been discharged for a reason that was not related to her work injuries. *West Bend Co. v. LIRC,* 141 Wis. 2d 165, 413 N.W.2d 662 (Ct. App. 1987). Review was taken to this court.

The applicable standard of review is stated in *Boynton Cab Co. v. IHLR Department,* 96 Wis. 2d 396, 405, 291 N.W.2d 850 (1980):

---

[3]The statute permits a maximum of one year's wages, but, because the work was seasonal in nature, the examiner calculated that Muckerheide would be laid off fifty percent of the time; hence, she was awarded only one-half of a full year's wages.

In reviewing a circuit court order reversing or modifying an order of an administrative agency, an appellate court's scope of review is identical to that of the circuit court. *Scharping v. Johnson,* 32 Wis. 2d 383, 145 N.W.2d 691 (1966). Findings of fact shall be set aside if not supported by substantial evidence in the record. Sec. 227.20(1)(d), Stats. (1973). Questions of law, including the construction, interpretation, or application of a statute, are reviewable *ab initio.* Sec. 227.20(1)(b), Stats. (1973); *see also, Milwaukee County v. DILHR,* 80 Wis. 2d 445, 455, 259 N.W.2d 118 (1977); *Department of Revenue v. Milwaukee Refining Corp.,* 80 Wis. 2d 44, 48, 257 N.W.2d 855 (1977); *Pabst v. Department of Taxation,* 19 Wis. 2d 313, 322, 120 N.W.2d 77 (1963). Although sec. 227.20(2), Stats. (1973), provides that due weight will be accorded the experience, technical competence, and specialized knowledge of the administrative agency involved, no special deference is required when this court is as competent as the administrative agency to decide the legal question involved. *Department of Revenue v. Milwaukee Refining Corp., supra* at 48; *Wisconsin Dept. of Revenue v. A. O. Smith Harvestore Products, Inc.,* 72 Wis. 2d 60, 65-6, 240 N.W.2d 357 (1976); *Pabst v. Department of Taxation, supra* at 323-24.

In conformity with the standard of review stated above, we do not deal directly with the correctness of the court of appeals decision brought to us on review, nor do we owe that decision any deference. We review the decision of the commission. Matters of law, whether considered by the commission, the circuit court, or the court of appeals are dealt with *ab initio* by this court. We, however, owe deference to fact findings of the commission. Such findings of fact are conclusive if

there is any credible evidence to support those findings. We cannot substitute our judgment for that of the commission in respect to the credibility of a witness or the weight to be accorded to the evidence supporting any finding of fact. Sec. 102.23(1)(e), Stats. Moreover, we will uphold the findings of the commission even if, in our judgment, they are contrary to the great weight and clear preponderance of the evidence. "Any credible evidence" is the test to be applied. *Goranson v. ILHR Department,* 94 Wis. 2d 537, 554, 289 N.W.2d 270 (1980); *R.T. Madden, Inc. v. ILHR Department,* 43 Wis. 2d 528, 547, 169 N.W.2d 73 (1969).

The initial question is whether Muckerheide is an "employe" entitled to rehire. This is a question of law Muckerheide had only a short work history at West Bend, from August to December—a period insufficient to give her contractual rights to automatic rehiring.

West Bend points out that Muckerheide was not terminated because an employment injury caused her to be off work; nor did she receive compensation payments for her injuries. She was terminated because she was laid off as a part of a general seasonal plant layoff. When Muckerheide sought reemployment, she was treated as a new work applicant. Thus, West Bend claims that Muckerheide was not an employe when she sought to be rehired.

Although West Bend asserts that Muckerheide must be an employe to be covered by the statute, whether Muckerheide was an "employe" when she attempted to go back to work is legally irrelevant under sec. 102.35(3), Stats. True, her status as an employe was defined in one sense by the union contract when she sought to be rehired. But sec. 102.35(3), is not a guarantee of a contract status. It is applicable in the absence of any union contract whatsoever. Muckerheide

came back to West Bend after the layoff period not as an employe under the labor contract, but as one who sought, as a matter of right under the statute, to be rehired because of her previous status as an employe who had been injured while working for West Bend.

The wording of the statute provides its own explanation. To be eligible for the rights granted by sec. 102.35(3), Stats., one must be "an employe who is injured in the course of employment." Clearly, the employment status referred to is that of the worker at the time of the injury. Muckerheide was such an employe. The words of the statute themselves refute the meaning urged by West Bend in oral argument before this court—that the person must be an employe when seeking to go back to work. The use of the word "rehire" indicates that present employment status is not a prerequisite to the remedy of rehiring afforded by the statute. One who is already an employe need not be rehired—he or she has already been hired. The statute refers to one who is not an employe but seeks to become one under sec. 102.35(3), on the basis of a *prior* employment status that existed when an injury occurred.[4]

We agree with the interpretation given by the commission and the circuit court, both of which affirmed the examiner's order. We find no logical or semantic support for the interpretation urged by West Bend; rather, we conclude only the employment status at the time of injury is relevant under sec. 102.35(3), Stats. If Muckerheide was an employe injured in the

[4]This analysis is consistent with the provisions of sec. 102.03(1)(b), Stats., which defines liability under the chapter on the condition that the employer and the employe are subject to the act "at the time of the injury."

course of her employment, she is within the ambit of the protection afforded by the statute.[5]

Because this special status arises out of the prior employment, the employer of the employe so injured must be the same employer to which application is made for rehiring. West Bend's position is that, if the statute is interpreted, as we do, to mean that the protected "employe" status arises out of a prior employment, then any person previously injured in the course of employment in the service of any employer could go to any employer and assert the protection of the statute. It is obvious, however, that the word "rehire" used in the statute can only impose a duty on an employer who had previously hired the particular employe.

We hold that, as a matter of law, the status of employe which confers eligibility upon a person for the benefits of sec. 102.35(3), Stats., is that of being an employe at the time of injury in the course of the employment of an employer by whom the applicant seeks to be rehired.

West Bend, basing its argument on the opinion of the court of appeals, asserts on this review that the statute applies only when an employe has been absent from work because of an injury suffered in the course of employment. The court of appeals stated:

---

[5]The provisions of the second sentence of sec. 102.35(3), Stats., referring to union contract seniority provisions and employer's written work rules are not at issue in this case and their possible effect in rehiring situations is not addressed. They appear to go only to the question of "availability of suitable employment"—an issue not raised or raised insufficiently by the record in this case—where there was a total failure of proof that Muckerheide was in any way presently physically impaired and that any present physical impairment was "reasonable cause [not] to rehire."

... an employee must be off of work *because of* a work-related injury. Before the statute becomes applicable, the legislature contemplated that when an employee must take leave from work because of a worker's compensation injury, the employer may not refuse to rehire after recovery from that injury without reasonable cause. *West Bend Co. v. LIRC,* 141 Wis. 2d 165, 170, 413 N.W.2d 662 (Ct. App. 1987).

This statement is erroneous. First, there is no intimation in the language of the statute that suggests that the protection of the statute is afforded only after a period of unemployment resulting from an injury that prevents work. To so hold imposes a condition for relief not found in the statute. There is nothing in the statute that would lead to the conclusion that the legislature intended any more than that which was asserted by the commission in the course of its argument to the court of appeals, "that all that is necessary to be protected under the statute is that a person be injured while employed and then not rehired, because of those injuries." 141 Wis. 2d at 168.

Second, the court of appeals errs when it justifies its conclusion on the basis of an incorrect interpretation of one of its own opinions. *Dielectric Corp. v. LIRC,* 111 Wis. 2d 270, 278, 330 N.W.2d 606 (Ct. App. 1983):

Under this new statute, once the employee has suffered a worker's compensation injury, the question initially becomes: does the employer have good cause not to rehire.

We see nothing in this very correct statement to support the assertion in the court of appeals decision we review that this statement mandates that the employe "must take leave from work because of a

worker's compensation injury" (*West Bend v. LIRC,* 141 Wis. 2d at 170) to make the statute applicable.

The court of appeals in *Dalco Metal Products, Inc. v. LIRC,* 142 Wis. 2d 595, 604, 419 N.W.2d 292 (Ct. App. 1987), a case that interpreted the court of appeals decision in the instant case, stated that, "The focus is not on *when* the employee was off work, but *why.*" The statement is doubly wrong. The focus is on neither. Under sec. 102.35(3), Stats., the focus is on the injury, the employment status at the time of injury, the fact of being out of work, and the failure to rehire in the absence of reasonable cause. The reason for the absence from work prior to asserting the right to be rehired is not made a criterion for the application of the statute to an otherwise eligible injured employe. This case does not present the question whether an employe who leaves employment by the employe's own volition, not as the result of employer action, waives the right under the statute to rehire.

The examiner found as a fact that Muckerheide was injured in three separate episodes arising out of her employment. He also found that the work injuries were the reason offered by West Bend to refuse to rehire Muckerheide. The court of appeals failed to determine whether these findings were supported by sufficient evidence, because it instead chose to decide the case upon a legal determination that Muckerheide was not an "employe," a legal determination which we conclude was erroneous. We are thus obliged to review the sufficiency of the evidence, a task ordinarily not undertaken by this court. *West Allis School District v. DILHR,* 116 Wis. 2d 410, 417, 342 N.W.2d 415 (1984).

In the circuit court action, Judge Schwalbach refused to set aside the commission's order. He reviewed the evidence and concluded the findings of the

examiner adopted by the commission were supported by the evidence. We have separately examined the hearing transcript and conclude that the findings of the commission are amply supported by credible evidence, and we affirm those findings.

Accordingly, we conclude, based upon the findings, that Muckerheide's injuries arose out of her previous employment with West Bend and that the reason asserted by West Bend for not rehiring was that she had sustained injuries while employed at West Bend. After an employe shows that she has been injured in the course of employment and subsequently is denied rehire, it becomes the burden of the employer to show reasonable cause for not rehiring the applicant. *Dielectric Corp. v. LIRC,* 111 Wis. 2d 270, 278, 330 N.W.2d 606 (Ct. App. 1983); *West Allis School Dist. v. DIHLR,* 116 Wis. 2d 410, 424, 425, 342 N.W.2d 415 (1984).

The trial examiner, whose findings and conclusions of law were adopted by the commission, correctly held as a matter of law that an injury arising in the course of employment need not be one that is compensated by monetary awards. It has been asserted by West Bend, inconsistently it would seem to us,[6] that Muckerheide's "injury" was not an injury contemplated in sec. 102.35(3), Stats., for it was not an injury for which compensation had been paid. This assertion is incorrect. An injury under the statute is defined in sec. 102.01(2)(c), Stats., as "physical harm to an employe caused by accident or disease." Moreover, the in-house treatment that was tendered to alleviate Muckerheide's symptoms is "compensation" under sec. 102.42. See

---

[6] Inconsistently because West Bend argues that these same injuries demonstrate Muckerheide is incapable of work and, therefore, need not be rehired.

*Jenkins v. Sabourin,* 104 Wis. 2d 309, 311 N.W.2d 600 (1981), wherein both majority and dissenting opinions viewed in-house medical treatment as compensation.

If all other factors are present, it is sufficient that there be an injury, an injury for which in this case West Bend furnished treatment in-house. For eligibility under this statute, the commission correctly held that neither time off from work nor monetary payments were necessary to meet the requirements for an employe to be eligible for additional compensation in an unreasonable-refusal-to-rehire case.

The circuit court affirmed the commission decision that Muckerheide presented a prima facie case for liability under sec. 102.35(3), Stats., *i.e.,* that she had an injury recognized by the workers compensation laws and that it was the existence of those prior injuries that kept the company from rehiring her.[7] West Bend refused to rehire the claimant because of an injury sustained while she was a West Bend employe. Thus, unless the employer can demonstrate reasonable cause for not rehiring, this case squarely presents the employer behavior that the legislature has prohibited.

What then is the burden on an employer to show reasonable cause to not rehire when it is clear from the evidence that the employer is asserting that the claimant will be unable to do the work because of the injury sustained at work and is additionally asserting that

---

[7]Muckerheide testified about her injury on the job and its treatment on the job site by the company nursing staff. The company, by its express statements and by its attempt to show reasonable cause not to rehire because of the injury or susceptibility to further injury, effectively conceded the fact of the injury and its work origin. There is little in the evidence to even suggest that the work causation of the original injury is in question.

there will be a substantial risk of reinjury if she is rehired. We conclude that, where the assertion is that the claimant is physically unfit to return to work, medical proof to a reasonable probability is required to support that assertion.

In the instant case, because the claimant's evidence undisputably shows the medical nature of the physical injuries occasioned by repetitive motions at work, there is no reason to require any medical evidence to make a prima facie case for the prior on-the-job injury to Muckerheide. In fact, it is the employer, West Bend, who accepts and seizes on the fact of physical injury on the job to justify its decision not to rehire. However, the testimony of Muckerheide was that she has completely recovered from the job-related injury. Thus, if West Bend is to assert as a reasonable cause for not rehiring that Muckerheide is either permanently disabled by reason of her prior injury or is so likely to be reinjured that it is reasonable not to rehire at her previous employment, some medical evidence to that effect must be produced. West Bend does not deny that it has the burden as the employer to prove reasonable cause for failure to rehire once a prima facie case is made by the claimant. It denies, however, that medical evidence is necessary.

*L & H Wrecking Co., Inc. v. LIRC,* 114 Wis. 2d 504, 339 N.W.2d 344 (Ct. App. 1983), stands for a contrary proposition. In that case, the employe had injured his back at work. He was refused rehire because the employer's representative concluded that "once a back injury, always a back injury." 114 Wis. 2d at 507, n. 3. The court of appeals held that, because there was a physician's statement indicating that the worker was able to go back to work, it was unreasonable to refuse to

rehire in the absence of medical evidence. The court of appeals said, at 509:

> The decision [of the employer not to rehire] was based solely on the existence of the injury and without benefit of a competent medical opinion that the injury would permanently prevent Brownfield's return to work.

Consistent with that holding, we conclude that medical proof was necessary for the employer to sustain its burden of proof. At the juncture at which the employer commenced its presentation, Muckerheide had proved her prima facie case—that she had been an employe, had sustained an injury on the job, had applied for rehire, and had been denied rehiring because of the injury sustained in her work at West Bend.[8]

The burden then shifted to West Bend to show that Muckerheide could not do the work for which she applied and to demonstrate that no other "suitable employment is available within the employe's physical and mental limitations." Sec. 102.35(3), Stats. Reasonable cause to refuse to rehire requires proof of both elements. This second element of its burden was never reached, because there was a failure of proof in respect to the first, whether Muckerheide could do the work for which she had applied.

At the hearing, Muckerheide presented no medical proof at the prima facie stage of her case. She relied

---

[8]West Bend asserts that the proof was insufficient to support Muckerheide's prima facie case. We conclude, in agreement with the commission, that all the elements above were proved by sufficient evidence before any of West Bend's witnesses testified. When they did, they augmented Muckerheide's already sufficient prima facie case.

upon her description of her signs, symptoms, and a recounting of the in-house treatment afforded by West Bend. There was ample testimonial evidence of physical injury. Moreover, the company's initial written response to the complaint acknowledged that "The accident or occupational exposure alleged in the application actually occurred."

When, however, West Bend attempted, by testimony of its safety manager, Harold Thornberg, to show that the repetitive motion syndrome was likely to recur and prevent work performance, the testimony was excluded by the examiner's ruling that medical evidence was required. A similar ruling excluded the testimony of the company's nurse. West Bend's argument is that it is unfair to hold it to a standard of medical proof when the claimant was allowed to prove up her case without it.

Thornberg was, however, allowed to testify extensively about his experience with physical problems that grew out of repetitive motion requirements in the West Bend manufacturing process. He was allowed to testify that he was a safety engineer and a member of the American Society of Safety Engineers, that he had served on the advisory committee of the Wisconsin Council of Safety, and worked with a recognized national authority in conducting a study of repetitive motion injuries. However, objection was made and the testimony excluded when he attempted to testify that, when a person has a history of injuries due to repetitive motion, that person would not in the future be able to perform in a similar job. Nevertheless, Thornberg was allowed to testify why Muckerheide was not rehired. He stated:

> It was our conclusion that during the latter part
> of Shari's employment to the West Bend Company,

she was having problems with repetitive motion work. And it was our feeling that she is one of the people that cannot tolerate repetitive motion work. And based on that, our concern was if we would permit rehiring, her problems would multiply and reach the point that it would be a serious injury harming her.

After allowing this testimony into the record, the examiner stated that he would only allow Thornberg to state that Muckerheide had a history of visits to the nurse. Nevertheless, the examiner permitted Thornberg's testimony to continue for the purpose of explaining the nature of repetitive motion injuries, but he stated he would not allow a "diagnosis" of Muckerheide's problems. Nevertheless, Thornberg was allowed to give his opinion about the progressive nature of repetitive motion injuries. He was not allowed to testify—his answer was stricken—that if "we rehired Shari, her symptoms would have immediately started up, or ... they would have started up within a short period of time, and they would have progressed ...." Yet, he was allowed to state that he believed renewed repetitive motion would have been injurious to Muckerheide.

The upshot of the protracted examination of Thornberg and a short examination of a member of the nursing staff was the examiner's ruling that any prognosis of Shari Muckerheide's condition in the absence of competent medical evidence was excluded.

In the examiner's findings, he pointed out that he had accepted the testimony of the safety manager as proof that West Bend had refused to hire Muckerheide because of her prior on-the-job injury. The examiner found that, in light of the employer's burden of proof,

the evidence was insufficient to justify the failure to rehire Muckerheide because, "There was no credible medical evidence in existence at the time the decision to rehire was made that the applicant had either permanent residuals from her injuries or a likelihood of reinjury should she perform such work for respondent in the future."

Sustaining that ruling, we hold that medical evidence is necessary to forecast that a particular person will, for physical and medical reasons, be unable to do a particular job without the likelihood of injury.

We conclude that the testimony was insufficient as a matter of law. A lay person cannot be allowed to make a diagnosis or a prognosis of a particular person's present or future condition when to the lay person there are no outward or overt manifestations of present or future disabilities that would be apparent in the general experience of mankind. The work history of Muckerheide which the witnesses were allowed to relate was probative of only that, the work history. That work history cannot be extrapolated by a lay person to forecast to a reasonable degree of medical probability that a worker presently has, or will have, repetitive motion problems. The examiner and the commission properly disregarded that portion of West Bend's proof.[9]

[9]We do not hold that in all cases a lay person's opinion can have no degree of medical probativeness, but, as we pointed out in *Netzel v. State Sand & Gravel Co.,* 51 Wis. 2d 1, 6, 186 N.W.2d 258 (1971), "Whether expert testimony is required in a given situation must be answered on a case-by-case basis." *Netzel* acknowledges that expert testimony is not necessary in all cases where the opinion is of a medical or quasi-medical nature, but it appropriately places the test upon whether the opinion or the fact testified to can reasonably be determined to be within the ordinary experience of mankind. *Netzel* drew a sharp distinction, however, between the question there—the caustic property of cement—and the type of

Reasonable cause to justify not rehiring in this instance required medical evidence.

West Bend asserts, however, that a broader and less stringent test was used in the *West Allis* case and that test should be used here. In *West Allis,* we stated that "reasonable cause" meant, in the context of this statute, whether the conduct of the employer was "fair, just, or fit under the circumstances." 116 Wis. 2d at 426. This statement was made in circumstances where there was suitable employment available. The situation here is factually different, but the same general test is applicable. Where, as here, the employer offers a medical reason or prognosis for refusing to rehire, it is only "fair, just, or fit under the circumstances" to require competent medical opinion to support that reason. In the instant case, West Bend's acknowledged reason for refusal to rehire Muckerheide is her cumulative or potential work-related motion injury. This situation is analogous to an admission by West Bend of permanent partial disability. If that claim were made by an employe claiming worker's compensation, certainly some supporting expert and competent medical testimony would be expected. We cannot expect less of an employer.

We conclude that the commission, on the basis of sufficient evidence, found that West Bend failed,

evidence requiring expert medical testimony. Justice Robert Hansen, writing for the court, stated, "But we deal with cement, not medical diagnosis or prognosis . . . ." At 7. While we do not disagree with West Bend's general proposition that lay persons can testify to medical or quasi-medical matters in respect to which they are experienced, Thornberg did not profess to be an expert on diagnosis or prognosis. His forecast in respect to Muckerheide's future was not unlike the employer's forecast in *L & H, supra,* "once a back injury, always a back injury." 114 Wis. 2d at 507, n. 3.

without reasonable cause, to rehire Shari Muckerheide, who was an employe for the purposes of sec. 102.35(3), Stats., because she had been injured in the course of employment. We reverse the decision of the court of appeals.

*By the Court.*—The decision of the court of appeals is reversed.