RAY HUTSON CHEVROLET, INC., Plaintiff-Appellant,

v.

LABOR & INDUSTRY REVIEW COMMISSION and Michael
Tooley, Defendants-Respondents.†

Court of Appeals

*No. 94–0215–FT. Submitted on briefs May 10, 1994.—Decided
June 16, 1994.*

(Also reported in 519 N.W.2d 713.)

†Petition to review denied.

For the plaintiff-appellant the cause was submitted on the brief of *Richard C. Thompson* of *Thompson Law Office* of La Crosse.

For the defendant-respondent, Labor and Industry Review Commission, the cause was submitted on the brief of *James E. Doyle*, attorney general, with *Stephen M. Sobota*, assistant attorney general.

Before Eich, C.J., Gartzke, P.J., and Dykman, J.

GARTZKE, P.J. Ray Hutson Chevrolet, Inc., appeals from an order affirming a decision of the Labor and Industry Review Commission (LIRC). LIRC ruled that Hutson owed back wages to its former employee, Michael Tooley, by virtue of § 102.35(3), STATS. That statute provides for remedies against "[a]ny employer who without reasonable cause refuses to rehire an employe who is injured in the course of employment, where suitable employment is available within the employe's physical and mental limitations . . . ." *Id.* The issues are whether credible and substantial evidence supports LIRC's findings and whether its conclusion that Hutson lacked "reasonable cause" was error as a matter of law. We conclude that LIRC's findings that Hutson failed to show an efficiency gain in eliminating Tooley's position and that Hutson's stated reason for not offering Tooley his old position was a pretext are not so supported, and that LIRC incorrectly concluded

that Hutson lacked "reasonable cause." We therefore reverse.[1]

Tooley worked as a parts salesperson for Hutson from 1979 until February 1991 when he injured his knee at work. On July 5, 1991, he was fit to return to work with a fifty-pound lifting restriction. Hutson refused to rehire him as a parts salesperson but offered him a different position in its receiving department at a substantially reduced salary. The offered position required lifting, but, as the hearing examiner found, Hutson would accommodate Tooley by not requiring him to lift more than fifty pounds. Tooley rejected the offered position and filed a worker's compensation claim alleging that Hutson violated § 102.35(3), STATS., because it refused to rehire him for his former position without reasonable cause.

When he was injured, Tooley was one of five parts salespersons. He earned $325 per week base pay and bonuses that increased his average weekly earnings to almost $400. Hutson's representative testified that while Tooley was gone, Hutson discovered that it could operate its parts department with four salespersons and an unskilled assistant, whom Hutson had hired at a salary of $200 per week while Tooley recuperated. Consequently, when Tooley returned, there was no parts-salesperson position available, and he was offered another position paying $210 per week. Although that job involved lifting objects weighing more than fifty pounds, as did Tooley's former sales job, as we have said, Hutson offered to accommodate his lifting restriction.

The hearing examiner found that Hutson unreasonably refused to rehire Tooley at his old job because

---

[1] This is an expedited appeal under RULE 809.17, STATS.

Hutson had not proved that it was more efficient to eliminate Tooley's position but only cheaper to do so, it hired an assistant to retrieve parts, and it was able to accommodate Tooley's lifting restriction in the position offered even though the position would otherwise have required lifting more than fifty pounds much more often than would a parts-salesperson position. LIRC affirmed the hearing examiner's decision, finding that Hutson had failed to show that efficiency justified the reduction in sales positions, and that the assistant hired during Tooley's absence had the same lifting restrictions as Tooley.[2]

To make a prima facie case under § 102.35(3), STATS., the employee must show that he or she sustained an injury while on the job and that the employer refused to rehire the employee because of the injury. *West Bend Co. v. LIRC*, 149 Wis. 2d 110, 126, 438 N.W.2d 823, 830-31 (1989). If the employee makes that showing the burden shifts to the employer to show a reasonable cause for the refusal to rehire. *Id.* at 126, 438 N.W.2d at 831.

Reasonable cause is a question of mixed fact and law. *United States v. Boyle*, 469 U.S. 241, 249 n.8 (1985). We must sustain LIRC's findings of fact that are supported by credible and substantial evidence. Section 102.23(6), STATS. Once the facts are established, whether they give rise to reasonable cause is a question of law.

---

[2] The significance of the latter finding is not clear. Tooley was offered a higher salary than the assistant earned. Uncontroverted evidence in the record indicates that the parts assistant did *not* have a lifting restriction and would not have been hired if he had.

It is uncontroverted that Hutson eliminated the fifth sales position Tooley had held to reduce its wage costs.[3] LIRC concluded, however, that Hutson acted unreasonably in refusing to rehire Tooley, because Hutson failed to show some additional gain in "efficiency" beyond reducing its costs. Whether that showing was necessary is a question of law. We decide that question without deference to LIRC's view. Nothing in LIRC's decision shows it has had other occasions to construe the phrase "reasonable cause" in § 102.35(3), STATS., when a refusal to rehire was based on elimination of an employee's position to reduce expenses. We therefore review LIRC's conclusion of law without deference. *Jicha v. DILHR*, 169 Wis. 2d 284, 290-91, 485 N.W.2d 256, 258-59 (1992).

A business decision to reduce costs can, by itself, establish the reasonableness of the decision. Reducing costs is a form of efficiency. Inefficient businesses risk their very survival and the jobs of all their employees. Nothing in § 102.35(3), STATS., reflects a legislative intent that an employer must perpetuate an unnecessary expense by rehiring an injured employee to fill a position the employer eliminated to save costs. We conclude that if an employer shows that it refused to rehire an injured employee because the employee's position has been eliminated to reduce costs and therefore to increase efficiency, the employer has shown reasonable cause under § 102.35(3).

---

[3] Hutson's parts manager testified that by the time of the hearing, Hutson had further reduced costs by eliminating the position of the parts department assistant and by partially eliminating the position it had offered to Tooley.

However, LIRC found that Hutson's economic justification, whether reasonable or not, was merely a pretext for Hutson's real motive. LIRC's finding is one of fact and we must affirm it if substantial evidence supports it. *Puetz Motor Sales, Inc. v. LIRC*, 126 Wis. 2d 168, 175, 376 N.W.2d 372, 376 (Ct. App. 1985). No evidence in the record supports that finding. LIRC did not identify Hutson's motive, the evidence fails to suggest one, and LIRC's inference that Hutson had a hidden motive is unreasonable. Hutson offered Tooley the position it had available and offered to accommodate his lifting restriction if he accepted the position. The only reasonable inference from the undisputed facts is that Hutson's expressed economic reason indeed motivated it. Since that is the only reasonable inference, we draw it as a matter of law. *Vocational, Technical & Adult Educ., Dist. 13 v. DILHR*, 76 Wis. 2d 230, 240, 251 N.W.2d 41, 46 (1977).

We conclude that Hutson had reasonable cause not to rehire Tooley to his previous position. We therefore reverse and remand to the trial court with instructions to set aside LIRC's order. *See* § 102.23(6), STATS.

*By the Court.*—Order reversed and cause remanded.