Ben Breister, Plaintiff-Appellant,
v.
Valley Bakers Coop Assn. and State of Wisconsin Labor and Industry Review Commission, Defendants-Respondents.
No. 03-2530.
Court of Appeals of Wisconsin.
Opinion Filed: August 3, 2004.
Before Cane, C.J., Hoover, P.J., and Peterson, J.
¶1 PER CURIAM.
Ben Breister appeals a judgment affirming a Labor and Industry Review Commission decision denying his claim for worker's compensation benefits pursuant to WIS. STAT. § 102.35(3).[1] Breister argues the evidence does not support the Commission's determination that Valley Bakers Coop Association was reasonable in its refusal to rehire Breister. We reject Breister's arguments and affirm the judgment.

BACKGROUND
¶2 In December 1999, Breister suffered a work-related back injury while employed by Valley Bakers. After a period of treatment with Dr. C. A. Capasso, Capasso cleared Breister to return to work three times during January and February 2000. However, on each occasion, before returning, Breister reinjured his back and was unable to return to work. Ultimately, on February 21, 2000, Capasso opined that Breister had reached a healing plateau and could return to work without restrictions. Capasso referred Breister to counseling, believing that the only thing preventing Breister's return to work was a psychological barrier. Breister sought a second opinion from a physician who ultimately referred Breister to chiropractic care.
¶3 In June 2000, following a functional capacity evaluation, Valley Bakers offered Breister work as an order picker, believing the work was within Breister's restrictions. Breister refused the offer, claiming the position was beyond his physical abilities. At Valley Bakers' request, Breister then underwent an independent medical evaluation by Dr. Gordon L. Clark. In a June 29, 2000 report, Clark opined that Breister had suffered a temporary aggravation of a preexisting condition. Clark further opined that Breister had healed with no further need for treatment and no permanent disability and could, therefore, return to his former position at Valley Bakers. Based on Clark's evaluation, Valley Bakers offered Breister his former position as a delivery driver. When Breister refused the offer, his employment was terminated.
¶4 Breister continued to treat with his chiropractor and underwent another functional capacity evaluation in August 2000. Although Breister indicated he could have returned to work at that point, he did not seek reemployment with Valley Bakers but, rather, filed a worker's compensation claim alleging that Valley Bakers unreasonably refused to rehire him contrary to WIS. STAT. § 102.35(3). The administrative law judge denied Breister's claim for lost wages, concluding that despite Valley Bakers' reasonable attempts to return Breister to work within his restrictions, Breister refused to return to work. The Commission affirmed the ALJ's decision and adopted the ALJ's findings and order as its own. On certiorari review, the circuit court affirmed the Commission's decision and this appeal follows.

DISCUSSION
¶5 The unreasonable refusal to rehire statute, WIS. STAT. § 102.35(3), provides in relevant part:
Any employer who without reasonable cause refuses to rehire an employee who is injured in the course of employment, where suitable employment is available within the employee's physical and mental limitations, upon order of the department and in addition to other benefits, has exclusive liability to pay to the employee the wages lost during the period of such refusal, not exceeding one year's wages.
¶6 We must liberally construe the statute to effectuate its purpose of preventing discrimination against employees who have sustained compensable work-related injuries. West Allis Sch. Dist. v. DILHR, 116 Wis. 2d 410, 422, 342 N.W.2d 415 (1984). To establish a prima facie case under WIS. STAT. § 102.35(3), employees have the burden to show: (1) they were an employee; (2) they sustained a compensable injury; (3) they applied for rehire; and (4) the employer refused to hire them because of their injuries. Universal Foods Corp. v. LIRC, 161 Wis. 2d 1, 6, 467 N.W.2d 793 (Ct. App. 1991). If the employee makes the prima facie showing, the burden of proof shifts to the employer to show a reasonable cause for its refusal to rehire. See West Bend Co. v. LIRC, 149 Wis. 2d 110, 126, 438 N.W.2d 823 (1989).
¶7 On appeal, this court reviews the Commission's findings of fact and conclusions of law, not those of the circuit court. See UPS v. Lust, 208 Wis. 2d 306, 321, 560 N.W.2d 301 (Ct. App. 1997). Reasonable cause is a mixed question of law and fact. Ray Huston Chevrolet v. LIRC, 186 Wis. 2d 118, 122, 519 N.W.2d 713 (Ct. App. 1994). The Commission's findings of fact are conclusive on appeal as long as they are supported by credible and substantial evidence. See Michels Pipeline Constr., Inc. v. LIRC, 197 Wis. 2d 927, 931, 541 N.W.2d 241 (Ct. App. 1995); see also WIS. STAT. § 102.23(6). Our role on appeal is to search the record for evidence supporting the Commission's factual determinations, not to search for evidence against it. See Vande Zande v. DILHR, 70 Wis. 2d 1086, 1097, 236 N.W.2d 255 (1975). Moreover, because the Commission has special expertise in the application of WIS. STAT. § 102.35(3), we give its conclusions of law great deference. Hill v. LIRC, 184 Wis. 2d 101, 109-10, 516 N.W.2d 441 (Ct. App. 1994).
¶8 Here, it is undisputed that Breister established a prima facie case for unreasonable refusal to rehire. On appeal, Breister argues that the evidence does not support the Commission's determination that Valley Bakers satisfied its burden of proving it was reasonable in its refusal to rehire him. Breister, however, merely challenges the Commission's evidentiary findings and credibility determinations. The weight and credibility of evidence is determined by the Commission, see Brakebush Bros. v. LIRC, 210 Wis. 2d 623, 630, 563 N.W.2d 512 (1997), and we will uphold factual determinations even if we believe that the weight of the evidence supports a contrary finding. See Hagen v. LIRC, 210 Wis. 2d 12, 22, 563 N.W.2d 454 (1997).
¶9 Breister contends that Valley Bakers improperly relied upon a release to return to work prepared by its own examiner, Dr. Clark, in terminating Breister's employment. To the extent Breister challenges the Commission's adoption of Clark's opinion over that of Breister's treating chiropractor, conflicts in the testimony of medical witnesses are to be resolved by the Commission, and the Commission's acceptance of the testimony of one qualified medical witness over another is conclusive. E.F. Brewer Co. v. DILHR, 82 Wis. 2d 634, 637, 264 N.W.2d 222 (1978).
¶10 Breister additionally argues that the Commission erred by basing its decision upon his repeated failure to either return to work or otherwise notify Valley Bakers of his desire to return to work. In context, however, the Commission cited these findings to illustrate how Breister's assertions to his physician did not match his conduct. Specifically, although Breister told his treating physician he was "anxious to return to work," he never contacted Valley Bakers to see what, if any, work was available to him. Ultimately, Breister's employment was terminated after he refused work that was consistent with Dr. Clark's evaluation of his functional capacity. Based on our review of the record, we conclude there was credible and substantial evidence to support the Commission's determination that Valley Bakers reasonably refused to rehire Breister.
By the Court.  Judgment affirmed.
NOTES
[1] All references to the Wisconsin Statutes are to the 2001-02 version unless otherwise noted.