LINK INDUSTRIES, INC., Plaintiff-Respondent,

v.

LABOR & INDUSTRY REVIEW COMMISSION,
Defendant-Appellant,

Kenneth J. GILLES and Employers Insurance of
Wausau, Defendants.

Court of Appeals

*No. 87–0193. Submitted on briefs September 3, 1987.—Decided
September 22, 1987.*

(Also reported in 415 N.W.2d 574.)

551

For the defendant-appellant, there was a brief by *Donald J. Hanaway,* attorney general, and *James P. Altman,* assistant attorney general, of Madison.

For the plaintiff-respondent, there was a brief by *Donald J. Gillen* and *Kenneth A. Knudson* of *Gee, Hendricks, Knudson & Gee, S.C.,* of Superior.

Before Cane, P.J., LaRocque and Myse, JJ.

CANE, P.J.   This is a review of an order of the circuit court that set aside an award of the Labor and

Industry Review Commission (commission). Kenneth Gilles' employment was terminated upon attempting to return to work after seeking medical treatment for his work-related injury. The commission determined that his employer, Link Industries, Inc., had unreasonably failed to "rehire" him in violation of sec. 102.35(3), Stats. We agree. We therefore reverse the order of the circuit court and remand for reinstatement of the commission's award.

The facts found by the commission, and upheld by the circuit court, are as follows. On December 6, 1983, while at work, Gilles cut his middle finger with a butcher knife. He reported the injury to his supervisor who inspected the wound. The supervisor, who did not have any medical training, did not consider the cut serious enough for medical attention. The cut was taped, and Gilles resumed working and completed his work shift. That evening the wound continued to bleed and, as a result, Gilles went to the emergency room of Spooner Community Memorial Hospital for treatment. He received stitches and was advised by the treating physician to keep the wound dry. Later that evening, he telephoned the supervisor and informed him of his condition and of the doctor's restriction that the wound remain dry.

Gilles reported for work the following day and was given a rubber glove to protect the finger. Unknown to him, his wife had made an appointment for him to see the doctor that afternoon. His wife telephoned the employer to inform him of the appointment, but Gilles never received the message and worked his entire shift. During the shift, although he did not complain to the employer, the rubber glove caused Gilles' hand to sweat and was thus ineffective in keeping his finger dry.

That evening when his wife became aware that he did not keep the appointment with the doctor, a second appointment was made for the afternoon of December 8, 1983. Gilles then called his supervisor to inform him of his doctor appointment. Gilles was told to report to work if at all possible.

The following day Gilles did not work but kept his appointment with Dr. Bohac. Dr. Bohac provided him with a slip stating that Gilles' finger had become secondarily infected requiring antibiotics and that Gilles should avoid getting the finger wet for the next three to four days.

Gilles reported for work the next day with Dr. Bohac's statement. The supervisor refused to accept the doctor's statement and terminated Gilles' employment for missing work the previous day.

The principal question is whether Link refused to "rehire" Gilles within the meaning of sec. 102.35(3). Link argues that a worker can only be "rehired" under the statute where the worker is "unemployed" for a significant period of time recuperating from a disabling injury. Link insists that Gilles was neither unemployed nor disabled, and therefore it did not refuse to "rehire" him.

■

The resolution of this issue requires an interpretation of sec. 102.35(3). Generally, we give great weight to a reasonable interpretation of a worker's compensation statute by the commission since they are charged with the duty of applying that law. *Pigeon v. DILHR,* 109 Wis. 2d 519, 524–25, 326 N.W.2d 752, 755 (1982). However, where the statute is relatively new and there is minimal legislative history on the issue before us, we are equally as competent as the agency and will interpret the statute independently.

*Dielectric Corp. v. LIRC,* 111 Wis. 2d 270, 275, 330 N.W.2d 606, 609 (Ct. App. 1983). Although sec. 102.35(3) was originally enacted in 1975, we decided in *West Bend Co. v. LIRC,* 141 Wis. 2d 165, 413 N.W.2d 662 (Ct. App. 1987), that the case law interpreting the section is minimal and the legislative history is sparse. Therefore, we will not defer to the commission's interpretation nor to the circuit court's interpretation of the section.

Our first step is to look to the statutory language itself. Section 102.35(3) provides in part:

> Any employer who without reasonable cause refuses to rehire an employe who is injured in the course of employment, where suitable employment is available within the employe's physical and mental limitations, ... has exclusive liability to pay to the employe the wages lost during the period of such refusal, not exceeding one year's wages.

Section 102.35(3), as a part of the Worker's Compensation Act, is a remedial statute. Remedial statutes must be liberally construed to effect as reasonably as possible their beneficent purpose. To liberally construe the Act is to give it a meaning that conforms with this purpose. *West Allis Sch. Dist. v. DILHR,* 116 Wis. 2d 410, 422, 342 N.W.2d 415, 422 (1984).

The basic purpose of the Worker's Compensation Act embodies safeguards for the protection of injured workers. More particularly, our courts have stated that the plain words of sec. 102.35(3) reveal that the fundamental purpose of that section is to "prevent discrimination against employees who have previous-

ly sustained injuries and to see to it, if there are positions available and the injured employee can do the work, that the injured person goes back to work with his former employer." *West Allis Sch. Dist.,* 116 Wis. 2d at 422, 342 N.W.2d at 422.

There is no dispute that Gilles previously sustained a work-related injury as defined in sec. 102.01(2)(c), Stats. As a result of this injury, Gilles was disabled from performing his usual work. *See North End Foundry Co. v. Industrial Comm'n,* 217 Wis. 363, 372, 258 N.W. 439, 443 (1935). Upon his ability to return to work following his treatment, sec. 102.35(3) mandated Link to afford him the opportunity to work. Neither the statute nor the case law require that the injured employee suffer a significant period of disability in order for the requirements of sec. 102.35(3) to be invoked.

Link's narrow interpretation would contravene the purpose of sec. 102.35(3) by allowing arbitrary discrimination against an employee who could immediately return to work after receiving treatment for a previously sustained injury. Indeed, Link's narrow interpretation defeats the protective purposes the Worker's Compensation Act itself was designed to achieve, and frustrates the liberal interpretation traditionally accorded it.

We therefore reject Link's interpretation. We conclude that "rehire" under sec. 102.35(3) means that if an employee is absent from work because of an injury suffered in the course of employment, the employee must be allowed the opportunity to return to work if there are positions available and the previously injured employee can do the work.

Having determined that Link refused to "rehire" Gilles following his attempted return to work, the question remains whether the action was without reasonable cause. Under sec. 102.35(3), where there is a refusal to rehire following a work-related injury, the employer has the burden of proof to show that there was no bad faith on its part to evade the statute's rehiring requirements. *Dielectric Corp.,* 111 Wis. 2d at 278, 330 N.W.2d at 610.

In the present case, Link asserted that Gilles was discharged in good faith for disciplinary reasons connected to his absence from work. In support of that assertion, the supervisor testified that he did not receive a telephone call from Gilles on the evening of December 7, and that he did not know why Gilles had not shown up for work on December 8. The supervisor further testified that during the evening of December 8, he received a call from Gilles explaining that he had been absent from work that day due to the doctor visit. He then purportedly reminded Gilles of the company policy regarding prior notice and that an unexcused absence required automatic termination. Nevertheless, he allegedly told Gilles to report for work the next day, at which time he would inform Gilles of his decision regarding termination.

The supervisor's testimony in this regard was disbelieved by the commission. Rather, the commissioner believed Gilles' testimony that he telephoned his supervisor at home on December 7, thereby satisfying the company policy regarding prior notice. As a result, the commission rejected Link's assertion that Gilles was discharged for disciplinary reasons and found that Link had in bad faith attempted to evade the rehiring requirements of sec. 102.35(3).

It is the function of the commission, not the reviewing courts, to determine the credibility of witnesses, and it is for the commission to weigh conflicting testimony and decide who should be believed. Section 102.23(6), Stats. We are bound to accept the findings of the commission unless the evidence was insufficient or incredible as a matter of law. *See E.F. Brewer Co. v. DILHR,* 82 Wis. 2d 634, 636–37, 264 N.W.2d 222, 223–24 (1978). Our review of the record convinces us that there was sufficient credible evidence to uphold the finding that Link unreasonably refused to rehire Gilles. The commission's finding that Link failed to satisfy its burden of proof also disposes of Link's suggestion that Gilles was actually discharged because of his absence from work the morning prior to his afternoon appointment.

*By the Court.*—Order reversed and cause remanded for reinstatment of award.