# UNIVERSAL FOODS CORPORATION, Plaintiff-Appellant,†

v.

# LABOR & INDUSTRY REVIEW COMMISSION, and Barbara Damato, Defendants-Respondents.

Court of Appeals

*No. 90-1734. Submitted on briefs January 2, 1991.—Decided February 12, 1991.*

(Also reported in 467 N.W.2d 793.)

† Petition to review denied.

For the plaintiff-appellant the cause was submitted on the briefs of *Daniel J. Stangle* and *Thomas M. Rohe* of *Otjen, Van Ert, Stangle, Lieb & Weir, S.C.,* of Milwaukee.

For the defendant-respondent Labor & Industry Review Commission the cause was submitted on the briefs of *Donald J. Hanaway,* attorney general, with *Lowell E. Nass,* assistant attorney general, of Madison.

For the defendant-respondent Barbara Damato the cause was submitted on the briefs of *James A. Beaudry,* of Hales Corners.

Before Moser, P.J., Sullivan and Fine, JJ.

SULLIVAN, J.   This is an appeal from a worker's compensation award. Barbara Damato began working for the Universal Foods Corporation in 1983. Her pay, seniority, and conditions of employment were covered by a union labor agreement. Damato operated a packaging machine that required repetitive motions. Due to these motions, she suffered a compensable injury to her left wrist on November 15, 1984, for which she received worker's compensation and disability payments. Also on November 15, 1984, she was laid off due to lack of work, as was appropriate for her seniority status under the union contract. Her accumulated seniority amounted to just under one year due to other previous layoffs. The circuit court affirmed an order of the co-defendant, Labor and Industry Review Commission (LIRC), which reversed the administrative law judge's findings and dismissal order. LIRC found, and the circuit court agreed, that Universal Foods Corporation was unreasonable in refusing to rehire Damato and liable to her for payment of lost wages pursuant to sec. 102.35(3), Stats. We affirm.

Universal asserts three issues on appeal: (1) whether sec. 301 of the Labor Management Relations Act, 29 U.S.C. sec. 185 preempted LIRC from interpreting the collective bargaining agreement; (2) whether LIRC's findings are supported by sufficient evidence; and, (3) whether Universal was deprived of due process because of the lack of adequate notice as to Damato's unreasonable refusal to rehire claim.

The appellate court's review of agency decisions is identical to the circuit court. *West Bend Co. v. LIRC,* 149 Wis. 2d 110, 117, 438 N.W.2d 823, 826–27 (1989).

Matters of law are reviewed *de novo. Id.* at 117, 438 N.W.2d at 827. Findings of fact, however, are conclusive if supported by "any credible evidence." *Id.* at 117–18, 438 N.W.2d at 827.

The first issue, whether Damato's sec. 102.35(3), Stats., claim is preempted by sec. 301(a) of the Labor Management Relations Act is a question of law. *See West Bend,* 149 Wis. 2d at 117, 438 N.W.2d at 827. Universal claims that *Lingle v. Norge Division of Magic Chef, Inc.,* 486 U.S. 399 (1988) and 29 U.S.C. sec. 185(a) preempt LIRC's consideration of this worker's compensation claim because it requires the interpretation of a collective bargaining agreement.

Damato's claim is based on sec. 102.35(3), Stats., which states:

> **(3)** Any employer who without reasonable cause refuses to rehire an employe who is injured in the course of employment, where suitable employment is available within the employe's physical and mental limitations, upon order of the department and in addition to other benefits, has exclusive liability to pay to the employe the wages lost during the period of such refusal, not exceeding one year's wages. In determining the availability of suitable employment the continuance in business of the employer shall be considered and any written rules promulgated by the employer with respect to seniority or the provisions of any collective bargaining agreement with respect to seniority shall govern.

The applicable provision of the collective bargaining agreement states:

> 4.03: . . . Employees hired after May 1, 1969, and laid off who have more than five (5) years of seniority shall forfeit all seniority rights after 36 con-

secutive months of layoff, and all employees with less than five (5) years of seniority shall forfeit all seniority rights after twelve (12) consecutive months of layoff.

Damato had just under one year seniority at the time of layoff; therefore, she forfeited "seniority rights after 12 consecutive months of layoff," or November 15, 1985. Damato was given full release for work in July 1985. Based on the testimony in the record, LIRC found that a job was available within the one-year recall period and that Damato was not rehired. No interpretation of the collective bargaining agreement was necessary to make this finding. Hence, there is simply no preemption. As *Lingle* stated: "an application of state law is pre-empted by [sec.] 301 of the Labor Management Relations Act of 1947 *only if* such application requires the interpretation of a collective-bargaining agreement." *Lingle,* 486 U.S. at 413 (emphasis added).

The second issue is whether LIRC's findings are supported by sufficient evidence. Because these are findings of fact, any credible evidence is sufficient. *West Bend,* 149 Wis. 2d at 117–18, 438 N.W.2d at 827. Even if contrary to the great weight and clear preponderance of the evidence, the findings will be upheld. *Id.* at 118, 438 N.W.2d at 827.

To establish employer liability under sec. 102.35(3), Stats., the employee has the burden of showing: (1) that she was an employee; (2) that she sustained a compensable injury; (3) that she applied for rehire; and, (4) that the employer refused to rehire her because of the injury. *West Bend,* 149 Wis. 2d at 126, 438 N.W.2d at 830–31. The burden then shifts to the employer to show a reasonable refusal to rehire. *Id.* at 123, 438 N.W.2d at 829.

6

In order to meet this burden, the employer must show: (1) that the employee could not do the work she applied for; and (2) that no other suitable work was available. *Id.* at 126, 438 N.W.2d at 831. Medical proof that an employee is unable to perform a job is necessary for the employer to sustain its burden. *Id.* at 126, 438 N.W.2d at 830. The second element need not be reached if the employer fails to establish, with medical evidence, the first element. *See id.* at 126, 438 N.W.2d at 831.

■ The first two factors of Damato's *prima facie* case were not disputed. LIRC found the third and fourth factors were sufficiently established by the testimony in the record.

> It is the function of the commission, not the reviewing courts, to determine the credibility of witnesses, and it is for the commission to weigh conflicting testimony and decide who should be believed. Section 102.23(6), Stats. We are bound to accept the findings of the commission unless the evidence was insufficient or incredible as a matter of law.

*Link Indus., Inc. v. LIRC,* 141 Wis. 2d 551, 558, 415 N.W.2d 574, 577 (Ct. App. 1987). LIRC's determination that the employer's representative, Mr. Frederick, called Damato about a job in October 1985 was not incredible as a matter of law. Damato was released and available for the work as of July 1985. Just to be sure she cleared the work available in October with her doctor. However, as found by LIRC, Mr. Frederick "blocked her opportunity to show her ability to perform the offered work." LIRC then appropriately examined whether the employer met the shifted burden of the other two factors. LIRC found no persuasive answer in the record why Mr. Frederick would call Damato to see if she was available to take a

job if someone with her seniority was not up for recall. LIRC found a job to be available and Universal presented no medical proof that Damato was unable to perform this job. Universal did not meet its burden. These findings are not insufficient or incredible as a matter of law. Just as the circuit court correctly "confirmed" LIRC's order, we do the same and uphold the factual determinations of LIRC.

Finally, Universal claims that it did not receive adequate notice of the phone call in October 1985 which was the basis for the unreasonable refusal to rehire claim. Therefore, Universal asserts that it was deprived of due process. Supposedly, Universal was surprised by Damato's testimony taken before the administrative law judge about the October phone conversation with Mr. Frederick which evidenced Universal's unreasonable refusal to rehire. However, at the hearing, after Damato's "surprise testimony," Darrell Foell, Universal's director of labor relations, testified as follows:

Q. [Attorney Beaudry, Damato's counsel, on cross-examination]: Now, you were present in this hearing when my client testified that Mr. Frederick called her in October of 1985 to come back to work?

A. [Darrell Foell]: Yes.

Q. Do you have any reason to dispute her testimony?

A. Yeah, I do.

Q. What is your reason?

A. Well, when I heard it from Ms. Damato before, I called Mr. Frederick and asked him, and he said he never called her back.

Q. Now, Mr. Frederick is available to testify here today; isn't he?

A. I have no idea; he's a retiree.

■

If Mr. Foell, director of labor relations for Universal, knew about Damato's testimony early enough to call Mr. Frederick and ask him what happened, it could only have been Universal's choice not to present Mr. Frederick on rebuttal. In addition, there was timely notice of the hearing. The notice of hearing, received by Universal, as well as their counsel, indicated that the "issue to be heard" was the "refusal to rehire 102.35(3)." Universal had actual notice of this issue. Their voluntarily inadequate or limited presentation to the tribunal does not amount to denial of due process. *See, e.g., Riemer v. Riemer,* 85 Wis. 2d 375, 377-78, 270 N.W.2d 93, 95 (Ct. App. 1978).

LIRC's findings and conclusions, properly based on state law, sec. 102.35(3), Stats., are affirmed.

*By the Court.*—Judgment affirmed.

FINE, J. *(dissenting).* This is a state-law claim brought under section 102.35(3), Stats. Section 102.35(3) imposes liability on an employer who, "without reasonable cause[,] refuses to rehire an employe [sic] who is injured in the course of employment," *provided* it is determined that "suitable employment is available" for that employee. Section 102.35(3) also requires that "[i]n determining the availability of suitable employment . . . the provisions of any collective bargaining agreement with respect to seniority shall govern." Pursuant to this command, the Labor and Industry Review Commission applied the collective bargaining agreement between Universal Foods Corporation and the union

representing Barbara Damato in order to ascertain her rights under that agreement and thus whether Universal Foods unlawfully refused to rehire her. The Commission determined from the collective bargaining agreement her accumulated seniority at the time of her injury and concluded that she had a one-year recall period. State-law claims between employees and employers that require the application of collective bargaining agreements are pre-empted by section 301(a) of the Labor Management Relations Act of 1947, 29 U.S.C. sec. 185(a). I respectfully dissent from the majority's conclusion to the contrary.[1]

Section 301(a) provides:

> Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this Act . . . may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

Although suits within the ambit of section 301(a) may also be brought in state court, *Charles Dowd Box Co. v. Courtney,* 368 U.S. 502 (1962), section 301(a) pre-empts the application of state law "if such application requires the interpretation of a collective-bargaining agreement," *Lingle v. Norge Division of Magic Chef, Inc.,* 486 U.S. 399, 413 (1986). The majority recognizes this, as it must. *See* majority op. at 5. Nevertheless, the majority holds Damato's state-law claim is not pre-empted by section

---

[1]We must reverse if Damato's state-law claim against Universal Foods is pre-empted by section 301(a) of the Labor Management Relations Act. Accordingly, I do not discuss the other issues raised by Universal Foods on this appeal.

301(a) because, in the majority's view, "[n]o interpretation of the collective bargaining agreement was necessary" for the Commission to determine "that a job [for Damato] was available within the one-year recall period." Majority op. at 6. In essence, the majority holds that no interpretation was necessary because the collective bargaining provisions with respect to seniority are, in its view, unambiguous.

Putting aside the very real problem of when a contractual provision passes from the daylight of clarity to the dusk of ambiguity, the rule that the majority applies is not the test of pre-emption under section 301(a). The question is not whether a collective bargaining contract is ambiguous and thus requires "interpretation" but, rather, whether enforcement of the state remedy requires application of that contract. *Lingle,* 486 U.S. at 403–413. Thus, a state-law tort action brought by an employee for the alleged "bad faith" handling of a disability-insurance claim was pre-empted by section 301(a) because the insurance coverage was required by a collective bargaining agreement between the employer and the employee's union. *Allis-Chalmers Corp. v. Lueck,* 471 U.S. 202, 216–218 (1985), *reversing Lueck v. Aetna Life Ins. Co.,* 116 Wis. 2d 559, 342 N.W.2d 699 (1984). *Lingle,* which specifically approved *Allis-Chalmers, Lingle,* 486 U.S. at 405–406, reaffirms that section 301(a) prevents the states from applying their "individualized local rules when called upon to enforce" collective bargaining agreements, *id.,* 486 U.S. at 404 n.3, and that " 'the pre-emptive force of sec. 301 is so powerful as to displace entirely any state cause of action 'for violation of contracts between an employer and a labor organization,' ' " *id.,* 486 U.S. at 406 n.5 (quoting *Franchise Tax Bd. of California v. Construction Laborers Vacation Trust for Southern California,* 463 U.S. 1, 23 (1983) (quoting sec-

11

tion 301(a))). Thus, and with specific relevance here, a state-law claim is pre-empted by section 301(a) when resolution of that claim "is substantially dependent upon analysis of the terms of an agreement made between the parties." *Allis-Chalmers,* 471 U.S. at 220. Stated another way, a state-law claim with respect to rights within the ambit of a collective bargaining agreement is pre-empted by section 301(a) unless the state-law claim has a "method of measuring" or assessing the work-related facts at issue that is independent of the agreement. *Johnson v. Beatrice Foods Co.,* 921 F.2d 1015, 1020–1021 (10th Cir. 1990) (interpreting *Lingle*). Justice Donald W. Steinmetz's dissent in *Lueck* is instructive:

> Because any duty allegedly violated by Allis-Chalmers in the present case was specifically created by the labor contract, *and would not exist absent* such contract, it must fall within the ambit of sec. 301 of the Labor Management Relations Act (LMRA), which governs labor agreements. Without the existence of the labor contract conferring disability benefits upon union members, there can be no action in this case on a failure to pay such benefits. A finding of bad faith will necessarily be premised on a finding that a labor agreement, governed by federal law, has been violated. To do as the majority holds fragments federal labor law.

116 Wis. 2d at 578, 342 N.W.2d at 708 (emphasis in original). Similarly, here, the determination of whether "suitable employment," as that term is defined by section 102.35(3), was available for Damato requires an analysis and application of the seniority rules in the collective bargaining agreement; there can be no finding that Universal Foods has violated section 102.35(3) without reference to that agreement. Since Damato's claim under section 102.35(3) in effect seeks to enforce

the seniority provisions of the collective bargaining agreement, and since the claim's resolution is dependent upon the terms of that agreement, the claim is pre-empted by federal law. I would reverse.