**Richard HANSON, Plaintiff,**

v.

**DRUGSCAN, INC. a foreign corporation, Defendants.**

**No. 99 C 8431.**

United States District Court, N.D. Illinois, Eastern Division.

April 5, 2000.

---

Scott John Ganassin, Attorney at Law, Peru, IL, for Richard Hanson, plaintiff.

Barry A. Hartstein, Vedder, Price, Kaufman & Kammholz, Amy Lynn Anderson, Brenner & Moltzen, Ltd., Chicago, IL, for DrugScan Inc., defendants.

## MEMORANDUM OPINION AND ORDER

BUCKLO, District Judge.

In 1999, Richard Hanson was fired from his job as a driver at Consolidated Freightways when DrugScan, a drug-testing firm, reported that a urine sample Hanson had submitted for a required drug test was not of human origin. Hanson sued DrugScan in Illinois circuit court, alleging negligent testing, and claiming economic, reputational and psychological damages in excess of more than $50,000.[1] DrugScan attempts to remove the action to federal court, alleging that federal jurisdiction exists on both federal question and diversity bases, and Hanson objects. Because I agree that removal was improper, I remand the case to Illinois circuit court.

An action cannot be removed to federal court if it could not have originally been filed in federal court. *Gossmeyer v. McDonald*, 128 F.3d 481, 487 (7th Cir.

---

1. In Illinois, tort claimants may not specify exact damages in their complaint beyond a limit set by the local circuit court rule. 735 ILCS 5/2–604.

1997) (*citing* 28 U.S.C. § 1441(a)). The party seeking removal has the burden of establishing the jurisdiction of the district court. *Wellness Community National v. Wellness House*, 70 F.3d 46, 49 (7th Cir. 1995). DrugScan alleges both federal question jurisdiction and diversity jurisdiction. It carries its burden under neither theory.

## I.

■ A case filed in state court may be removed based on federal question or "arising under" jurisdiction, which covers "[a]ny civil action . . . founded on a claim of right arising under the . . . laws of the United States." *Blackburn v. Sundstrand Corp.*, 115 F.3d 493, 494 (7th Cir.1997) (*citing* 28 U.S.C. § 1441(b)). To determine the existence of federal question jurisdiction, I generally look no further than the allegations contained in the plaintiff's "well-pleaded complaint." *In the Matter of the Application of County Collector of the County of Winnebago, Illinois*, 96 F.3d 890, 895 (7th Cir.1996). The defendant cannot cause a transfer to federal court simply by asserting a federal question in his responsive pleading. *Rice v. Panchal*, 65 F.3d 637, 639 (7th Cir.1995). The issues raised in the plaintiff's complaint, not those added in the defendant's response, control the litigation. *Jass v. Prudential Health Care Plan, Inc.*, 88 F.3d 1482, 1486 (7th Cir.1996). For the most part a " 'suit arises under the law that creates the cause of action.' " *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 821, 108 S.Ct. 2166, 100 L.Ed.2d 811 (1988) (*citing American Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260, 36 S.Ct. 585, 60 L.Ed. 987 (1916) (Holmes, J.)).

Hanson's claim that DrugScan was negligent in testing would not appear to arise under any federal law. Negligence by a private firm is a classic state law issue. DrugScan, however, accuses Hanson of "artful pleading," invoking a doctrine that allows removal when the suit must be based on federal law because that is the only law on which such a suit can be based—the standard example is a suit to enforce a collective bargaining agreement, which can be litigated only under federal law. *In re Brand Name Prescription Drugs Antitrust Litigation*, 123 F.3d 599, 611 (7th Cir.1997). If the plaintiff really intends to bring a federal suit though failing to cite federal law, his intentions should be taken as the reality and the defendant allowed to remove what is functionally though not formally a federal suit. *Id.*

■ DrugScan offers two arguments that Hanson's negligence could really only be a federal case, and therefore is removable despite appearances. Both are based on preemption. One rather clever if ultimately unpersuasive argument is that federal law preempts any state law, *Kohl's Food Stores, Inc. v. Hyland*, 32 F.3d 1075, 1077 (7th Cir.1994), and federal regulations are federal law with as much preemptive bite as federal statutes. *Fidelity Federal Savings & Loan Assoc. v. de la Cuesta*, 458 U.S. 141, 153, 102 S.Ct. 3014, 73 L.Ed.2d 664 (1982). According to DrugScan, the duty of care Hanson claims that DrugScan violated in negligently misidentifying the origin of the contested sample was created by federal regulations, referring to 49 C.F.R. pt. 40, subpt. B ("drug testing"). DrugScan says, correctly, that it must follow these regulations to maintain its certification, and that any state statutes or common law judicial interpretations that would interfere or change these requirements would be preempted.

So far so good, but whether any such conflict would create a basis for federal jurisdiction is a delicate question. *See Jass*, 88 F.3d at 1487–88 (explaining, in ERISA context, that "conflict" preemption, unlike "complete" preemption, creates a federal defense but does not create a basis for federal question jurisdiction). However, anything I might say about whether the "conflict" preemption doctrine applies in this context would be mere dictum, because DrugScan has neglected to show

either that the duty Hanson alleges it has breached can be based only in the federal regulations, or, if it is based in the federal regulations, that there is any conflict with state law that might trigger preemption. It points to nothing in the federal regulations creating any duty of care owed to the subjects of drug testing or to any cause of action for violating such a duty, and it mentions no state law that conflicts in any way with any specific, identifiable federally imposed duty of care. Therefore, the federal regulations argument fails, and there is no preemption on that basis.

 DrugScan's second argument for federal question jurisdiction is that Hanson's claim is preempted by § 301 of the Labor Management Relations Act. 29 U.S.C. § 185. Section 301 preempts claims directly founded on or "substantially dependent on analysis of a collective-bargaining agreement." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 394, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). If, in deciding a state law claim, it is necessary to interpret express or implied terms of a collective bargaining agreement, that claim is completely preempted by § 301, the claim is deemed federal in nature from its inception, and the complaint is deemed one that a defendant can remove. *Atchley v. Heritage Cable Vision Assoc.*, 101 F.3d 495, 499 (7th Cir.1996). DrugScan argues that the collective bargaining agreement lays out in detail the laboratory testing methodology and laboratory requirements for urine samples, referring me to Art. 35, sec. 3. DrugScan argues, therefore, that a court would have to interpret the agreement, and so § 301 preemption kicks in.

 I don't think so. Although the preemptive effect of § 301 is broad, preemption does not occur in every situation where a collective bargaining agreement comes into play. *Loewen Group Int'l, Inc. v. Haberichter*, 65 F.3d 1417, 1421 (7th Cir.1995). As the Supreme Court has said, "not every dispute concerning employment, or tangentially involving a provision of a collective bargaining agreement,

is pre-empted by § 301 or other provisions of the federal labor law." *Allis–Chalmers Corp. v. Lueck*, 471 U.S. 202, 211, 105 S.Ct. 1904, 85 L.Ed.2d 206 (1985). When the meaning of a contract term is not the subject of dispute, "the bare fact that a [§ 301 contract] ... will be consulted in the course of state law litigation plainly does not require the claim to be extinguished." *Livadas v. Bradshaw*, 512 U.S. 107, 123, 114 S.Ct. 2068, 129 L.Ed.2d 93 (1994). Section 301 says nothing about the substantive rights a state may provide to its workers when adjudication of those rights does not involve the interpretation of a collective bargaining agreement. *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 409–10, 108 S.Ct. 1877, 100 L.Ed.2d 410 (1988).

In this case, DrugScan has not even shown that the collective bargaining agreement would have to be consulted in the litigation, much less identified any term of that agreement that would be in dispute. Here the mere fact that the collective bargaining agreement refers to drug testing, describes the procedures and methodology, and provides for random drug tests is insufficient. None of these terms are at issue. Hanson's claim is that DrugScan was negligent in testing his samples, and that does not raise a question of interpreting the meaning of the collective bargaining agreement. *Contrast Chapple v. National Starch & Chemical Co.*, 178 F.3d 501, 508 (7th Cir.1999)(preemption of wrongful discharge claim that depended on whether the "company acted properly in setting up the drug investigation and had sufficient cause to fire the plaintiffs"). The question in this case is only whether DrugScan exercised due care in carrying out testing that was only incidentally permitted by the collective bargaining agreement, and so only "tangentially involv[ed] a provision of a collective bargaining agreement." *Lueck*, 471 U.S. at 211, 105 S.Ct. 1904. I conclude that I lack federal question jurisdiction.

## II.

DrugScan asserts, as an alternative basis for removal, that I have diversity jurisdiction. Diversity jurisdiction requires that all the defendants be of different state citizenship from all of the plaintiffs. 28 U.S.C. § 1332(a)(1); *Northern Trust Co. v. Bunge Corp.,* 899 F.2d 591, 593–94 (7th Cir.1990) (*citing Strawbridge v. Curtiss,* 3 Cranch 267, 7 U.S. 267, 2 L.Ed. 435 (1806)). This requirement is satisfied here. Hanson is a citizen of Illinois; DrugScan, a corporation incorporated in Pennsylvania and with its principal place of business in Philadelphia, a foreign corporation. *See* 28 U.S.C. § 1332(c)(1) (citizenship of corporations).

In addition, the amount in controversy must be more than $75,000. *See* 28 U.S.C. § 1332(a)(1). This is the point of dispute. Hanson pleaded only an amount in controversy greater than $50,000. DrugScan says that it has a good faith belief that the amount is at least the $75,000.01 minimum for federal jurisdiction because "plaintiff is seeking compensation for losing his job."

■■■■■ As the party seeking to invoke federal diversity jurisdiction, DrugScan bears the burden of demonstrating that the complete diversity and amount in controversy requirements are met. *Chase v. Shop 'N Save Warehouse Foods, Inc.,* 110 F.3d 424, 427 (7th Cir.1997); see *Wilson v. Republic Iron & Steel Co.,* 257 U.S. 92, 97, 42 S.Ct. 35, 66 L.Ed. 144 (1921) (The burden rests on the defendant in a removal action to prove that the amount in controversy is sufficient.). Defendants seeking removal may meet that burden by a preponderance of the evidence. *McNutt v. General Motors Acceptance Corp.,* 298 U.S. 178, 189, 56 S.Ct. 780, 80 L.Ed. 1135 (1936). The Seventh Circuit takes this standard to mean "proof to a reasonable probability" that jurisdiction exists. *Shaw v. Dow Brands, Inc.,* 994 F.2d 364, 366 (7th Cir.1993). The plaintiff's choice of a state forum is to be given deference and jurisdictional questions on removal are strictly construed against federal jurisdic-

tion. *Hess v. The Great Atlantic & Pacific Tea Co., Inc.,* 520 F.Supp. 373, 375 (N.D.Ill.1981) (*citing Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108–09, 61 S.Ct. 868, 85 L.Ed. 1214 (1941)). Courts should interpret the removal statute narrowly and presume that the plaintiff may choose his or her forum. *Doe v. Allied–Signal, Inc.,* 985 F.2d 908, 911 (7th Cir. 1993).

■■■■■ Here, DrugScan has not carried its burden. I do not dispute that it has a good faith belief, but that belief has no evidentiary value. It is a bald assertion. "Normally one bald assertion is as good as another—but not when one party carries the burden of persuasion." *Olander v. Bucyrus Erie,* 187 F.3d 599, 608 (7th Cir. 1999). A party contesting the amount in controversy is required to "support its assertion with 'competent proof.'" *Wellness House,* 70 F.3d at 49 (internal citations omitted). Good faith belief is not competent proof. A plaintiff is in the best position to know how much his claim is worth, and a plaintiff's request for damages are deemed to have been made in good faith. A plaintiff may therefore evade federal court by simply asking for less than the jurisdictional amount, *St. Paul,* 303 U.S. at 294, 58 S.Ct. 586, so long as he isn't legally certain to recover more. *In re Shell Oil,* 966 F.2d 1130, 1131 (7th Cir.1992).

■■■■■ The only bit of actual evidence that DrugScan adduces that Hanson's damages must be greater than $75,000 is the claim that because he seeks damages for having been fired sometime after August 26, 1999, he must have at least that much at stake. I compute damages for diversity based on the state of affairs at the date of filing, here, November 15, 1999. What happens later is irrelevant. *Gardynski–Leschuck v. Ford Motor Co.,* 142 F.3d 955, 958 (7th Cir.1998)(*citing St. Paul,* 303 U.S. at 289–90, 58 S.Ct. 586). The laborer is worthy of his hire, as the Good Book says, but truck drivers who are not running something illegal that would

explain such an extraordinary rate of recompense are not likely to make more than $75,000 in something under two months. DrugScan does not argue, and there is no indication, that Hanson's business was anything but completely lawful. DrugScan has not, therefore, established to a legal certainty that Hanson will recover more than $75,000.

In view of the implausibility of the claim about Hanson's pay and the deference due a plaintiff's choice of forum, I conclude that DrugScan has not shown that diversity jurisdiction exists. Because federal question jurisdiction is also lacking, I have no jurisdiction over this case. It cannot be removed, and I REMAND it to the Illinois circuit court.