# 2021 WI APP 44

## COURT OF APPEALS OF WISCONSIN
## PUBLISHED OPINION

Case No.: 2020AP27

†Petition for Review Filed

Complete Title of Case:

**DANIEL P. ANDERSON,**

**†PETITIONER-APPELLANT,**

**V.**

**LABOR AND INDUSTRY REVIEW COMMISSION AND NORTHRIDGE CHEVROLET GEO,**

**RESPONDENTS-RESPONDENTS.**

| | |
|---|---|
| Opinion Filed: | June 2, 2021 |
| Submitted on Briefs: | September 8, 2020 |
| Oral Argument: | |

| | |
|---|---|
| JUDGES: | Stark, P.J., Hruz and Seidl, JJ. |
| Concurred: | |
| Dissented: | |

| | |
|---|---|
| Appellant ATTORNEYS: | On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *Curtiss N. Lein* of *Lein Law Offices*, Hayward. |
| Respondent ATTORNEYS: | On behalf of the respondent-respondent, Labor and Industry Review Commission, the cause was submitted on the brief of *Joshua L. Kaul*, attorney general, and *Clayton P. Kawski*, assistant attorney general. |
| | On behalf of the respondent-respondent, Northridge Chevrolet GEO, the cause was submitted on the brief of *Daniel J. Finerty* of *Lindner & Marsack, S.C.*, Milwaukee. |

COURT OF APPEALS
DECISION
DATED AND FILED

June 2, 2021

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2020AP27**

STATE OF WISCONSIN

Cir. Ct. No. 2019CV52

IN COURT OF APPEALS

DANIEL P. ANDERSON,

   PETITIONER-APPELLANT,

 V.

LABOR AND INDUSTRY REVIEW COMMISSION AND NORTHRIDGE
CHEVROLET GEO,

   RESPONDENTS-RESPONDENTS.

APPEAL from an order of the circuit court for Bayfield County: JOHN P. ANDERSON, Judge. *Affirmed.*

Before Stark, P.J., Hruz and Seidl, JJ.

¶1    HRUZ, J. Daniel Anderson sustained injuries while working for Northridge Chevrolet GEO (Northridge) as a parts advisor. He appeals an order affirming a decision of the Labor and Industry Review Commission (LIRC) that

determined Northridge had not violated WIS. STAT. § 102.35(3) (2019-20)[1] by refusing to rehire Anderson without reasonable cause following Anderson's recovery.

¶2     We conclude Northridge is not liable to Anderson under the penalty provisions of WIS. STAT. § 102.35(3) for its refusal to rehire him in his previous position as a parts advisor.  There is sufficient evidence supporting LIRC's determination that Northridge had reasonable cause for refusing to rehire him in that position, including business necessity and the medical limitations ultimately placed upon Anderson following his recovery.

¶3     We also reject Anderson's assertion that he is entitled to lost wages under WIS. STAT. § 102.35(3) because Northridge did not rehire him for an available sales position.  We conclude that when an employee's § 102.35(3) claim is predicated upon an employer's allegedly unreasonable refusal to rehire the employee to fill a different position than the one the employee previously occupied, the employee must demonstrate that he or she made the employer aware, in some fashion, of his or her willingness to accept other work.  Because Anderson failed to communicate any such willingness to Northridge, he has failed to make a prima facie case for liability under § 102.35(3).  Accordingly, we affirm.

## BACKGROUND

¶4     As the circuit court noted, the relevant facts are largely undisputed. Anderson began working for Northridge, a car dealership and automobile repair

---

[1] All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

service, as a parts advisor in approximately 2010. On July 31, 2014, Anderson was injured at work while attempting to move a boat onto a trailer.[2] He was placed on medical leave and underwent neurosurgery on October 24, 2014. Following the surgery, he was restricted from working for at least sixty days. It was uncertain when he would be able to return to work, but a one-year healing period was expected.

¶5     Northridge was unsuccessful at finding a temporary replacement for Anderson at a time when the parts department was already short-staffed, necessitating the hiring of a permanent replacement for his position in November 2014. On November 6, 2014, Fallon Mikula, the manager of Anderson's department, telephoned Anderson and advised him of the replacement hire. Mikula told Anderson that when he felt better, he should report to Northridge to discuss a sales position, which did not have the same physical requirements as the parts advisor position. Anderson went to Northridge on November 27, 2014, to discuss an unpaid medical bill, whereupon Mikula again told Anderson that he had been replaced. At that time, Mikula told Anderson his status as an active employee was ending and Northridge would no longer pay for Anderson's health insurance premiums.

¶6     Anderson began physical therapy at the end of 2014 and reached maximum medical improvement in October 2015. Anderson's doctor assigned permanent lifting restrictions, which were more restrictive than the seventy-pound lifting required of the parts advisor position. Anderson did not return to Northridge to discuss a possible sales position, nor did he inform Northridge of his permanent

---

[2] The administrative law judge (ALJ) rejected Northridge's contention that Anderson was injured during a "bumpy boat ride" over the July 4, 2014 holiday and concluded Anderson's injuries were attributable to his work activities.

restrictions. It does not appear that Northridge contacted Anderson after November 27, 2014. When Anderson was cleared to return to work, he contacted the Division of Vocational Rehabilitation to assist him in finding a job. Anderson was not able to secure employment in the year after he was cleared to work, but he did obtain employment beginning in June 2017.

¶7 In January 2016, Anderson filed a worker's compensation claim seeking the "refusal to rehire" penalty against Northridge under WIS. STAT. § 102.35(3).[3] The ALJ determined that Northridge had terminated Anderson and that its refusal to rehire him as a parts advisor was supported by reasonable cause, as the position was integral to "Northridge's ability to generate fixed income" and Anderson's restrictions prevented him from performing that work. The ALJ further determined that Northridge's failure to hire Anderson in a sales position was "legitimate" because Anderson "failed to notify Northridge of his interest in the sales position and also failed to notify it that he had been released to work." The ALJ found such notification was required pursuant to *Hill v. LIRC*, 184 Wis. 2d 101, 516 N.W.2d 441 (Ct. App. 1994), and *L & H Wrecking Co. v. LIRC*, 114 Wis. 2d 504, 339 N.W.2d 344 (Ct. App. 1983).

¶8 Anderson petitioned LIRC for a review of the ALJ's determination. LIRC affirmed the substance of the ALJ's determination in its entirety. Anderson then petitioned for judicial review of LIRC's decision. The circuit court determined that the ALJ's decision (and therefore LIRC's determination) was supported by substantial evidence, even though there was some conflicting testimony about what occurred during Anderson's conversation with Mikula on November 27, 2014. The

---

[3] Anderson sought other benefits as well, which were resolved by a limited compromise agreement with Northridge's worker's compensation insurer.

court also noted it was "uncontroverted … that after November 27th, [Anderson] never communicated with Northridge again about employment, even after he was eventually cleared to work a job." Anderson now appeals.

## DISCUSSION

¶9 This appeal concerns the applicability of the penalty provisions of WIS. STAT. § 102.35(3) for an employer's unreasonable refusal to rehire an employee who has been injured. When "suitable employment is available within the employee's physical and mental limitations," and the employer nonetheless refuses to rehire an injured employee without reasonable cause, the employer is liable to the employee for "the wages lost during the period of such refusal, not exceeding one year's wages."[4] *Id.* "Penalties for refusal to rehire are distinct from the portions of the [Worker's Compensation] Act that compensate for physical or mental injuries incurred in the work place." *County of La Crosse v. WERC*, 182 Wis. 2d 15, 34, 513 N.W.2d 579 (1994).

¶10 We review LIRC's factual findings and legal conclusions, not those of the circuit court. *Epic Staff Mgmt., Inc. v. LIRC*, 2003 WI App 143, ¶13, 266

---

[4] WISCONSIN STAT. § 102.35(3) provides in its entirety:

> Any employer who without reasonable cause refuses to rehire an employee who is injured in the course of employment, when suitable employment is available within the employee's physical and mental limitations, upon order of the department [of workforce development] or the division [of hearings and appeals], has exclusive liability to pay to the employee, in addition to other benefits, the wages lost during the period of such refusal, not exceeding one year's wages. In determining the availability of suitable employment the continuance in business of the employer shall be considered and any written rules promulgated by the employer with respect to seniority or the provisions of any collective bargaining agreement with respect to seniority shall govern.

5

Wis. 2d 369, 667 N.W.2d 765. The scope of judicial review is circumscribed by WIS. STAT. § 102.23(1)(e), under which a worker's compensation order or award may be overturned only if LIRC acted without authority, the order or award was procured by fraud, or if LIRC's findings of fact do not support the order or award.

¶11     Whether an employer unreasonably refused to rehire an individual is a mixed question of fact and law. *deBoer Transp., Inc. v. Swenson*, 2011 WI 64, ¶29, 335 Wis. 2d 599, 804 N.W.2d 658. We will uphold LIRC's findings of historical fact if there is credible and substantial evidence on which reasonable persons could rely to make that determination. *Id.*, ¶30. When there is no dispute as to the relevant facts, our review is limited to LIRC's application of the worker's compensation statutes to those facts. *Epic Staff Mgmt.*, 266 Wis. 2d 369, ¶13. An agency's determination as to the meaning and application of a statute is a legal conclusion, which we review de novo.[5] *Tetra Tech EC, Inc. v. DOR*, 2018 WI 75, ¶84, 382 Wis. 2d 496, 914 N.W.2d 21.

¶12     The analysis under WIS. STAT. § 102.35(3) employs a burden-shifting framework. After an employee shows that he or she has been injured in the course of employment and subsequently denied rehire, it becomes the employer's burden to show reasonable cause for not rehiring the applicant. *West Bend Co. v. LIRC*, 149 Wis. 2d 110, 123, 438 N.W.2d 823 (1989). An employee's physical unfitness to perform job duties can constitute reasonable cause, provided there is medical evidence substantiating that unfitness. *Id.* at 125. The employer also bears the

_____

[5] Although both LIRC and Northridge assert that under WIS. STAT. § 227.57(10) we must afford "due weight" to LIRC's experience, technical competence and specialized knowledge, WIS. STAT. § 102.23(1)(a)1. specifically states that WIS. STAT. ch. 227 is not applicable to an appeal from a worker's compensation order or award.

burden of showing that there is no other suitable employment available within the employee's physical and mental limitations. *Id.*

¶13   Typically, part of the employee's prima facie case is to establish that he or she applied to be rehired. *Universal Foods Corp. v. LIRC*, 161 Wis. 2d 1, 6, 467 N.W.2d 793 (Ct. App. 1991). Anderson argues he was relieved of this obligation as to both the parts advisor and sales positions because he was terminated from employment during his period of recovery. For this proposition, Anderson relies on *L & H Wrecking*.

¶14   In *L & H Wrecking*, the employee, Brownfield, was terminated from his employment during his period of recovery because the employer erroneously concluded that Brownfield's injury would prevent him from fully performing his job. *L & H Wrecking*, 114 Wis. 2d at 506. LIRC determined that this action constituted a refusal to rehire Brownfield without reasonable cause, in violation of WIS. STAT. § 102.35(3). *L & H Wrecking*, 114 Wis. 2d at 506-07. On appeal, we concluded there was sufficient credible evidence to support LIRC's determination in that regard. *Id.* at 508-09. As relevant here, we rejected as "unreasonable" the interpretation that a terminated employee must report to work following his or her healing period in order to recover the penalty under § 102.35(3). *L & H Wrecking*, 114 Wis. 2d at 510. "For Brownfield to have reported for work, after termination, would have been an exercise in futility." *Id.*

¶15   Northridge argues that Anderson was not terminated from his employment, and therefore *L & H Wrecking* does not apply—meaning Northridge believes Anderson had to make some overture to regain even his job as a parts advisor. Northridge's contention in this regard is predicated upon its erroneous belief that neither LIRC nor the ALJ used the specific word "terminated" in their

decisions. To the contrary, the ALJ specifically found that Anderson was "terminated from his parts advisor position and Mikula hired a permanent replacement in the beginning of November 2014." The ALJ reflected this finding in other portions of its opinion. LIRC specifically adopted the ALJ's findings as its own. It is evident that Anderson's employment was terminated, thereby constituting a denial of rehiring for purposes of WIS. STAT. § 102.35(3).[6]

¶16 We do not perceive Anderson to be challenging LIRC's determination that Northridge had reasonable cause for refusing to rehire him in the position of parts advisor. Nonetheless, we conclude there was substantial evidence supporting LIRC's determination in that regard. There was ample evidence in the record demonstrating a business necessity in filling the position prior to Anderson's recovery. The ALJ determined the "parts department played an important role in the financial integrity of the business," and because of Anderson's injury and other factors, its staffing had been effectively cut in half. The ALJ also found that there were no parts advisor positions available after Anderson's release to work, and even if one had opened up, Anderson's "subsequent permanent restrictions prevented him from performing that work."

¶17 Anderson's main contention appears to be that Northridge is liable under WIS. STAT. § 102.35(3) for refusing to rehire him in a sales position. He argues that LIRC erred when it determined that it was necessary for him to contact

---

[6] Notably, Northridge does not explain what other status Anderson might have had. Northridge hired a permanent replacement for Anderson, advised him that he was being replaced, told him that "his status as an active employee was ending," ceased paying for Anderson's health insurance, and suggested that he apply for a different position when able to work again. Northridge does not suggest what message these actions demonstrated other than that Anderson was being terminated as an employee—and it is evident Anderson thought that too, as he and his wife ended the November 27, 2014 meeting by "expressing their displeasure at the fact that [Anderson's] employment ended after being injured at work."

Northridge about the possibility of working in a job other than parts advisor. Anderson believes *L & H Wrecking* also covers a situation in which a terminated employee may be eligible for work in another position for the same employer, and he faults LIRC for instead relying on *Hill*.

¶18    In *Hill*, a truck driver was injured in a fall from the cab of his truck. *Hill*, 184 Wis. 2d at 105. Hill reached the end of his recovery period over two years later and apparently kept in regular contact with his employer, Marten Transport. *Id.* at 107, 113. Hill eventually found other work and filed a worker's compensation claim seeking the statutory penalty for a refusal to rehire. *Id.* at 107. LIRC rejected Hill's claim after finding that he "neither was interested in reemployment in some other capacity with Marten nor expressed such interest to Marten."[7] *Id.*

¶19    On appeal, Hill argued that "LIRC acted in excess of its powers by requiring him to show he had expressed to Marten an interest in reemployment in a different capacity." *Id.* at 111. We concluded LIRC had applied a reasonable interpretation of WIS. STAT. § 102.35(3)'s rehiring requirement "in the case where an employee cannot resume his or her *previous* work." *Hill*, 184 Wis. 2d at 112 (emphasis added). The communication "need not take the form of a written application, but may be accomplished through informal means, e.g., a telephone conversation." *Id.* Moreover, we concluded, "as a matter of common sense and logic," when an employee who cannot resume his or her former position makes such overtures to the employer, the employee "at the very least implies a willingness to accept work of a different nature," thereby triggering the rehiring obligation. *Id.*

---

[7] Hill suffered permanent partial disabilities, but it is unclear whether Hill was unable or merely unwilling to resume work as a truck driver. *See Hill v. LIRC*, 184 Wis. 2d 101, 106, 516 N.W.2d 441 (Ct. App. 1994).

¶20    Anderson argues *Hill* is factually distinguishable because, unlike the employee in that case, Anderson was terminated while he was still medically unable to return to work in any capacity.  Because of his termination, Anderson contends *L & H Wrecking* sets forth the proper rule.  But Anderson fails to suggest any reason—much less a logical one—why the applicability of *Hill* should depend on whether the employee was fired or not.  Again, *L & H Wrecking* operates as an exception to the usual requirement that an employee apply to be rehired.  *See Universal Foods*, 161 Wis. 2d at 6; *L & H Wrecking*, 114 Wis. 2d at 510.  The exception applies under circumstances where the employee's application to return to the prior position would be futile given that he or she was fired from that position, constituting his employer's unreasonable refusal to rehire.  But in instances in which the employer has a reasonable basis to terminate an employee who is not capable of returning to his or her former position, it is not overly burdensome to require the employee to intimate that he or she is interested in other positions in order to establish a prima facie case for the failure-to-rehire penalty under WIS. STAT. § 102.35(3).

¶21    Although we are bound by prior published court of appeals decisions, *see Cook v. Cook*, 208 Wis. 2d 166, 189-90, 560 N.W.2d 246 (1997), one aspect of *Hill*'s precedential value bears scrutiny.  In *Tetra Tech*, a majority of justices on the Wisconsin Supreme Court agreed to jettison the analytical framework that had previously controlled our review of an agency's conclusions of law.  *Tetra Tech*, 382 Wis. 2d 496, ¶84; *id.*, ¶135 (Ziegler, J., concurring); *id.*, ¶159 (Gableman, J., concurring).  Whereas courts had previously taken a deferential approach to certain agency determinations based on a variety of factors, *see id.*, ¶13, after *Tetra Tech* all agency conclusions of law are reviewed de novo, *id.*, ¶84.  *Hill*, though, applied "great weight" deference to LIRC's interpretation of WIS. STAT. § 102.35(3).  *Hill*,

184 Wis. 2d at 110. To the extent it is necessary to do so, we make clear that, applying a de novo standard of review, we adopt *Hill*'s interpretation of § 102.35(3) as our own.[8]

¶22    Anderson maintains that his interpretation of WIS. STAT. § 102.35(3) must be accepted to achieve the statute's purpose. It is true that we must liberally construe subsec. (3) "to effectuate its beneficent purpose of preventing discrimination against employees who have sustained compensable work-related injuries." *Great N. Corp. v. LIRC*, 189 Wis. 2d 313, 317, 525 N.W.2d 361 (Ct. App. 1994). But our interpretation achieves this goal, just as it did when we applied great weight deference to LIRC's interpretation in *Hill*. As we noted in *Hill*, LIRC's interpretation did not add to the employee's burden, but merely clarified what the employee must show to demonstrate that he or she had applied for rehire in a context where the employee could not resume his or her previous position. *Hill*, 184 Wis. 2d at 112. We determined LIRC's rule did not impose an unfair burden; there is no obligation on the part of the employee to identify other positions with any great specificity. *Id.*

¶23    To summarize, pursuant to *L & H Wrecking*, there is no requirement under WIS. STAT. § 102.35(3) that a terminated employee express a willingness to

---

[8] Our affirmative adoption of *Hill* as a de novo matter might be gratuitous. In response to concerns of some of the concurring justices that ending administrative agency deference imperiled the precedential authority of cases decided under that rubric, the lead opinion in *Tetra Tech EC, Inc. v. DOR*, 2018 WI 75, 382 Wis. 2d 496, 914 N.W.2d 21, remarked:

> To the extent a court favored an agency's conclusion of law over its own, that conclusion is now part of the judgment of the case and an inextricable part of the opinion. Consequently, its precedential and controlling effect will be the same as if the court had based the decision on its own interpretation.

*Id.*, ¶93. Nonetheless, we believe *Hill* was correctly decided and applies to the situation at hand, so we perceive little peril in reaffirming its validity.

return to work in the same position that he or she occupied before being fired. The rule is different, however, when an employee seeks the remedy available under § 102.35(3) for an employer's allegedly unreasonable refusal to rehire the employee to a different position than the one the employee previously occupied. In those instances, the employee must demonstrate, as part of his or her prima facie case, that he or she indicated to the employer a willingness to accept other work.

¶24 Anderson failed to make such overtures to Northridge about the sales position that Northridge had mentioned to him. The ALJ specifically found that "[t]here was no discussion of, or reference to, the possible future sales position" during Anderson's conversation with Mikula on November 27, 2014.[9] The ALJ also found that Anderson "never returned to Northridge after November 27, 2014, did not provide the permanent restrictions to Northridge and did not contact its management to discuss the possible sales position." Under these circumstances, Anderson has failed to make a prima facie case of a violation of WIS. STAT. § 102.35(3) based upon a failure to rehire him for a position other than parts advisor.

¶25 In conclusion, we reject any assertion by Anderson that LIRC erred by determining that Northridge had reasonable cause to refuse to rehire him for the position of parts advisor. As to Northridge's refusal to rehire Anderson for a different position, we affirmatively adopt *Hill* as our own interpretation of WIS. STAT. § 102.35(3), including in instances where the employee had been terminated from his or her prior position prior to his or her medical recovery being complete. Accordingly, we conclude that Anderson failed to present a prima facie case for

---

[9] The circuit court noted that there was disputed testimony on this point. However, Anderson does not argue there was insufficient evidence to support LIRC's determination. *See deBoer Transp., Inc. v. Swenson*, 2011 WI 64, ¶30, 335 Wis. 2d 599, 804 N.W.2d 658.

liability under subsec. (3), because he failed to express an interest to Northridge in other work.

*By the Court.*—Order affirmed.